XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3479
 Fax:  (415) 703-1234
 E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of the State of California, and Luis Lopez, in his official capacity as Director of the California Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE NGUYEN, et al.,**<br><br>                                   Plaintiffs,<br><br>     v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of California, et al.,**<br><br>                                   Defendants. | Case No. 3:20-cv-02470-WQH-WVG<br><br>**DEFENDANTS' SPECIAL APPEARANCE AND OBJECTION TO NOTICE OF RELATED CASES**<br><br>Judge:          The Honorable<br>                   William Q. Hayes<br>Courtroom: 14B<br>Action Filed: December 18, 2020 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Xavier Becerra, in his official capacity as the Attorney General of the State of California (the "Attorney General"), and Luis Lopez, in his official capacity as the Director of the California Department of Justice Bureau of Firearms (together, "Defendants"), hereby specially appear to object to the Notice of Related Cases filed in his action (Dkt. 3).[1]

The Notice of Related Cases claims that the instant action is related to *Duncan v. Becerra*, No. 17-cv-1017-BEN-JLB (S.D. Cal.); *Miller v. Becerra*, No. 19-cv-01537-BEN-JLB (S.D. Cal.); *Fouts v. Becerra*, No. 19-cv-01662-BEN-JLB (S.D. Cal.); and *Renna v. Becerra*, No. 20-cv-02190-DMS-DEB (S.D. Cal.). The instant action is not related to any of those actions.

Under Local Civil Rule 40.1(g), an action may be related to another action where both actions involve (i) "some of the same parties and are based on the same or similar claims," (ii) the same "property, transaction, patent, trademark, or event," or (iii) "substantially the same facts and the same questions of law." Actions involve the same or similar "claims" where they arise out of the same nucleus of operative facts. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (noting that claims are sufficiently similar for res judicata purposes where they "arise out of the same transactional nucleus of facts").

As in *Duncan*, *Miller*, *Fouts*, and *Renna*, this action concerns a facial challenge to a California statute under the Second Amendment and names some of the same parties, including the Attorney General and the Director of the Bureau of Firearms, in their official capacities. Dkt. 3 at 3-4. But the similarities stop there and are insufficient to deem the instant action related to any of the prior cases. *See Harris v. Stonecrest Care Auto Ctr., LLC*, No. 04CV2593-LAB (LSP), 2008 WL 474388, at *1

---

[1] Defendants have not yet been served with a copy of the summons and complaint (Dkt. 1). Defendants specially appear at this time for the limited purpose of asserting their objection to the Notice of Related Cases.

(S.D. Cal. Feb. 20, 2008) (Burns, C.J.) (declining transfer of purportedly related case because, while "[t]he defendants in both cases are the same and the cases involve similar legal theories," "[t]he complaint [in the prior case] involves a different plaintiff and arises from different facts").

Although the instant action is a Second Amendment case challenging the constitutionality of a California law, it concerns the constitutionality of an entirely different statutory provision than the various statutes at issue in *Duncan*, *Miller*, *Fouts*, and *Renna*, which regulate different conduct and were enacted to accomplish different public-safety objectives.  This case concerns a challenge to the constitutionality of California Penal Code section 27535, which limits the number of firearms an individual may purchase within any 30-day period, under the Second Amendment and the Equal Protection Clause.  The other cases, by contrast, concern the constitutionality of California's restrictions on large-capacity ammunition magazines (*Duncan*), assault weapons (*Miller*), billy clubs (*Fouts*), and the Unsafe Handgun Act (*Renna*).  Judicial resolution of the instant action will involve consideration of different legislative records and different legislative facts than those at issue in *Duncan*, *Miller*, and *Fouts*, which have been assigned/transferred to the same district judge, and *Renna*, which has been assigned to a different district judge.  As such, this action does not involve the same or similar claims, the same property, transaction or event, or substantially the same facts and legal questions as were presented in the other four actions.  Accordingly, the instant action fails to satisfy any of the requirements for relatedness enumerated in Local Civil Rule 40.1(g), and the interests of judicial economy would not be served by deeming the instant action to be related to any of the prior actions.

For these reasons, Defendants respectfully object to the Notice of Related Cases filed in this action.

| | | |
|---|---|---|
| 1 | Dated:  December 21, 2020 | Respectfully Submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | MARK R. BECKINGTON<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | *s/ John D. Echeverria* |
| 6 | | JOHN D. ECHEVERRIA<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendants Xavier Becerra, in his official capacity as* |
| 8 | | *Attorney General of the State of California, and Luis Lopez, in his* |
| 9 | | *official capacity as Director of the California Department of Justice* |
| 10 | | *Bureau of Firearms* |

## CERTIFICATE OF SERVICE

Case Name: **Michelle Nguyen v. Xavier Becerra et al.**

Case No.  **3:20-cv-02470-WQH-WVG**

I hereby certify that on December 21, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' SPECIAL APPEARANCE AND OBJECTION TO NOTICE OF RELATED CASES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 21, 2020, at San Francisco, California.

| Robert Hallsey | /s/ Robert Hallsey |
|---|---|
| Declarant | Signature |