1   MATTHEW RODRIQUEZ, State Bar No. 95976
    Acting Attorney General of California
2   ANTHONY R. HAKL, State Bar No. 197335
    Supervising Deputy Attorney General
3   JERRY T. YEN, State Bar No. 247988
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone:  (916) 210-7836
6     Fax:  (916) 324-8835
      E-mail:  Jerry.Yen@doj.ca.gov
7   *Attorneys for Defendants Matthew Rodriquez, in his*
    *official capacity as Acting California Attorney*
8   *General, and Luis Lopez, in his official capacity as*
    *Director of the Department of Justice Bureau of*
9   *Firearms*

10                  IN THE UNITED STATES DISTRICT COURT

11                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14  **MICHELLE NGUYEN, an individual;**      Case No. 3:20-cv-02470-WQH-WVG
    **DOMINIC BOGUSKI, an individual; JAY**
15  **MEDINA, an individual; FRANK**          **DEFENDANTS ACTING ATTORNEY**
    **COLLETTI, an individual; JOHN**         **GENERAL MATTHEW RODRIQUEZ**
16  **PHILLIPS, an individual; PWGG, L.P., a** **AND DIRECTOR LUIS LOPEZ'S**
    **California Limited Partnership; DARIN**  **ANSWER TO COMPLAINT**
17  **PRINCE, an individual; NORTH COUNTY**
    **SHOOTING CENTER, INC., a California**
18  **Corporation; FIREARMS POLICY**
    **COALITION, INC.; SAN DIEGO**
19  **COUNTY GUN OWNERS PAC; and**            Judge:          Hon. William Q. Hayes
    **SECOND AMENDMENT FOUNDATION,**          Action Filed:   December 18, 2020
20
                                   Plaintiffs,
21
22              v.

23  **MATTHEW RODRIQUEZ[1], in his official**
    **capacity as Acting Attorney General of**
24  **California; and LUIS LOPEZ, in his official**
    **capacity as Director of the Department of**
25  **Justice Bureau of Firearms,**

26                                 Defendants.

27  _____

28        [1] Acting Attorney General Matthew Rodriquez is hereby substituted for former Attorney
    General Xavier Becerra.  *See* Fed. R. Civ. P. 25(d).

                                        1

Defendants Matthew Rodriquez, in his official capacity as Acting Attorney General of California and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms (BOF), answer the Complaint, ECF No. 1, as follows.

## GENERAL DENIAL

Defendants generally deny all allegations in the Complaint not expressly admitted herein, pursuant to Federal Rule of Civil Procedure 8(b)(3). Defendants reserve the right to amend this Answer to assert other affirmative defenses, if necessary.

## SPECIFIC DENIALS

### *Introduction[2]*

1. Defendants admit that the Second Amendment to the United States Constitution speaks for itself. Otherwise, the allegations in Paragraph 1 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that the statute referenced in Paragraph 2 speaks for itself and that the California Department of Justice (DOJ) enforces California laws related to possessing and acquiring firearms. Otherwise, the allegations in Paragraph 2 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4. Defendants admit that the judicial opinion referenced in Paragraph 4 speaks for itself. Otherwise, the allegations in Paragraph 4 characterize Plaintiffs' claims and legal conclusions and

---

[2] For the convenience of the Court and the parties, Defendants utilize certain headings set forth in the Complaint. In doing so, Defendants neither admit nor deny any allegations that may be suggested by the Complaint's headings.

2

are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 4.

5.     Defendants admit that the statute referenced in Paragraph 5 speaks for itself. Otherwise, the allegations in Paragraph 5 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 5.

6.     Defendants admit that the judicial opinion referenced in Paragraph 6 speaks for itself. Otherwise, the allegations in Paragraph 6 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 6.

*Parties*

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and, on that basis, deny those allegations.

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and, on that basis, deny those allegations.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, on that basis, deny those allegations.

10.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, deny those allegations.

11.    Defendants admit that the name John Phillips is associated with a firearms dealership named Poway Weapons & Gear Inc. in the DOJ Centralized List of Firearms Dealers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and, on that basis, deny those allegations.

12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and, on that basis, deny those allegations.

13.    Defendants admit that the name Darin Prince is associated with a firearms dealership named North County Firearms in the DOJ Centralized List of Firearms Dealers.  Defendants lack

3

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and, on that basis, deny those allegations.

14.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and, on that basis, deny those allegations.

15.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and, on that basis, deny those allegations.

16.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and, on that basis, deny those allegations.

17.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and, on that basis, deny those allegations.

18.   Defendants admit that Xavier Becerra is the former Attorney General of the State of California, that the Complaint purports to name the California Attorney General as a defendant in his official capacity, that the California Attorney General is the chief law officer of the State of California, that the DOJ enforces California laws related to possessing and acquiring firearms, and that the California Attorney General and the DOJ maintain an office in San Diego, California. Defendants also admit that article V, section 13, of the California Constitution speaks for itself. Otherwise, the allegations in paragraph 18 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 18.

19.   Defendants admit that Luis Lopez is the Director of the BOF that the Director oversees the operations of the BOF, and that the Complaint names him as a defendant in his official capacity.  Defendants also admit that the BOF enforces California laws related to firearms.  Except as specifically admitted, Defendants deny the allegations in paragraph 19.

20.   Defendants admit that the BOF enforces California laws related to firearms.  Except as specifically admitted, Defendants deny the allegations in paragraph 20.

*Jurisdiction and Venue*

21.   Defendants admit that the statutes referenced in Paragraph 21 speak for themselves and that this Court has jurisdiction over this action.  Otherwise, the allegations in Paragraph 21 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 21.

22.   Defendants admit that the statutes referenced in Paragraph 22 speak for themselves and that venue is proper in this Court.  Otherwise, the allegations in Paragraph 22 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 22.

*Statement of Facts*

23.   Defendants admit that the Second Amendment to the United States Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 23.

24.   Defendants admit that the Fourteenth Amendment to the United States Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 24.

25.   Defendants admit that the judicial opinion referenced in Paragraph 25 speaks for itself.  Otherwise, the allegations in Paragraph 25 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 25.

26.   Defendants admit that the judicial opinion referenced in Paragraph 26 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 26.

27.   Defendants admit that the Second and the Fourteenth Amendments to the United States Constitution speak for themselves.  Otherwise, the allegations in Paragraph 27 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are

5

required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 27.

28.   Defendants admit that the judicial opinion referenced in Paragraph 28 speaks for itself. Otherwise, the allegations in Paragraph 28 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 28.

29.   Defendants admit that the judicial opinion referenced in Paragraph 29 speaks for itself. Otherwise, the allegations in Paragraph 29 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 29.

30.   Defendants admit that the judicial opinions referenced in Paragraph 30 speak for themselves.  Otherwise, the allegations in Paragraph 30 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 30.

31.   The allegations in Paragraph 31 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.   The allegations in Paragraph 32 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33.   The allegations in Paragraph 33 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 33.

6

34.   The allegations in Paragraph 34 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.   The allegations in Paragraph 35 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36.   Defendants admit that the statute referenced in Paragraph 36 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 36.

37.   Defendants admit that the statute referenced in Paragraph 37 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 37.

38.   Defendants admit that the statute referenced in Paragraph 38 speaks for itself.  Otherwise, the allegations in Paragraph 38 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 38.

39.   Defendants admit that the statute referenced in Paragraph 39 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 39.

40.   Defendants admit that the statute referenced in Paragraph 40 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 40.

41.   Defendants admit that the statute referenced in Paragraph 41 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 41.

42.   Defendants admit that the statute referenced in Paragraph 42 speaks for itself.  Otherwise, the allegations in Paragraph 42 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 42.

43.   Defendants admit that the statute referenced in Paragraph 43 speaks for itself.  Otherwise, the allegations in Paragraph 43 characterize Plaintiffs' claims and legal conclusions

7

and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 43.

44.   Defendants admit that the statute referenced in Paragraph 44 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 44.

45.   The allegations in Paragraph 45 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.   Defendants admit that the Dealer's Record of Sale (DROS) Entry System (DES) is a web-based application used by firearms dealers for reporting certain transactions to the BOF, and that the website address for the DES is https://DES.doj.ca.gov.  Except as specifically admitted, Defendants deny the allegations in Paragraph 46.

47.   Defendants admit that the "California Department of Justice Bureau of Firearms DROS Entry System (DES) Firearms and Ammunition Dealer User Guide" is dated "1/15/20," marked as "Rev. 4," and is available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/pdf/dros-des-firearms-ammunition-dealer-user-guide.pdf.  Except as specifically admitted, Defendants deny the allegations in Paragraph 47.

48.   Defendants admit that the statute referenced in Paragraph 48 speaks for itself.  Otherwise, the allegations in Paragraph 48 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 48.

49.   Defendants admit that the statute referenced in Paragraph 49 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 49.

50.   Defendants admit that the statute referenced in Paragraph 50 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 50.

51.   Defendants admit that the statute referenced in Paragraph 51 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 51.

52.   Defendants admit that the statute referenced in Paragraph 52 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 52.

53.   Defendants admit that the statute referenced in Paragraph 53 speaks for itself, and that the BOF has limited access to the federal government's National Instant Criminal Background Check System in certain circumstances.  Except as specifically admitted, Defendants deny the allegations in Paragraph 53.

54.   Defendants admit that the statutes referenced in Paragraph 54 speak for themselves. Except as specifically admitted, Defendants deny the allegations in Paragraph 54.

55.   Defendants admit that the BOF utilizes certain records, databases, and systems in determining whether an individual is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.  Except as specifically admitted, Defendants deny the allegations in Paragraph 55.

56.   The allegations in Paragraph 56 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.   Defendants admit that the regulation referenced in Paragraph 57 speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 57.

58.   Defendants admit that the regulation referenced in Paragraph 58 speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 58.

59.   Defendants admit that BOF electronic databases contain information regarding individuals with a Certificate of Eligibility issued by the DOJ.  Except as specifically admitted, Defendants deny the allegations in Paragraph 59.

60.   Defendants admit that, with certain identifying information, the BOF can verify if an individual holds a valid Certificate of Eligibility.  Except as specifically admitted, Defendants deny the allegations in Paragraph 60.

61.   Defendants admit that the statute referenced in Paragraph 61 speaks for itself, and that the BOF utilizes certain records, databases, and systems in determining whether an individual is

prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. Except as specifically admitted, Defendants deny the allegations in Paragraph 61.

62.   The allegations in Paragraph 62 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63.   The allegations in Paragraph 63 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.   The allegations in Paragraph 64 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65.   Defendants admit that the statutes referenced in Paragraph 65 speak for themselves. Otherwise, the allegations in Paragraph 65 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 65.

66.   The allegations in Paragraph 66 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67.   Defendants admit that the statute referenced in Paragraph 67 speaks for itself.  Except as specifically admitted, Defendants deny the allegations in Paragraph 67.

68.   Defendants admit that the BOF's Armed Prohibited Persons System (APPS) provides law enforcement agencies with certain information about gun owners.  Otherwise, the allegations in Paragraph 68 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 68.

69.   Defendants admit that the DOJ report referenced in Paragraph 69 speaks for itself, and that it is available at https://oag.ca.gov/system/files/attachments/press-

10

docs/APPS%202019%20Report.pdf.[3]  Except as specifically admitted, Defendants deny the allegations in Paragraph 69.

70.   Defendants admit that the statutes referenced in Paragraph 70 speak for themselves. Otherwise, the allegations in Paragraph 70 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 70.

71.   The allegations in Paragraph 71 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72.   The allegations in Paragraph 72 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and, on that basis, deny those allegations.

74.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and, on that basis, deny those allegations.

75.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and, on that basis, deny those allegations.

76.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and, on that basis, deny those allegations.

77.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and, on that basis, deny those allegations.

78.   The allegations in Paragraph 78 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 78.

---

[3] Defendants also admit that the DOJ video referenced in footnote 2 of the Complaint speaks for itself, and that is available at https://www.youtube.com/watch?v=2AtMaRTE_r4. Except as specifically admitted, Defendants deny the allegations in footnote 2 of the Complaint.

79.   The allegations in Paragraph 79 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80.   The allegations in Paragraph 80 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81.   The allegations in Paragraph 81 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.   Defendants admit that the name John Phillips is associated with a firearms dealership named Poway Weapons & Gear Inc. in the DOJ Centralized List of Firearms Dealers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82, and, on that basis, deny those allegations.

83.   Defendants admit that the name Darin Prince is associated with a firearms dealership named North County Firearms in the DOJ Centralized List of Firearms Dealers.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and, on that basis, deny those allegations.

84.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and, on that basis, deny those allegations.

85.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and, on that basis, deny those allegations.

86.   The allegations in Paragraph 86 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and, on that basis, deny those allegations.

88.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and, on that basis, deny those allegations.

89.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and, on that basis, deny those allegations.

90.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and, on that basis, deny those allegations.

91.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and, on that basis, deny those allegations.

92.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and, on that basis, deny those allegations.

93.   The allegations in Paragraph 93 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 93.

### Count I:  Deprivation of Civil Rights, Right to Keep and Bear Arms

94.   Defendants admit that Plaintiffs purport to incorporate by reference their allegations in the preceding paragraphs.

95.   Defendants admit that Plaintiffs are alleging that there is an actual and present controversy between the parties.  Except as specifically admitted, Defendants deny the allegations in Paragraph 95.

96.   Defendants admit that the DOJ enforces California laws related to possessing and acquiring firearms.  Otherwise, the allegations in Paragraph 96 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 96.

97.   Defendants admit that the DOJ enforces California laws related to possessing and acquiring firearms.  Otherwise, the allegations in Paragraph 97 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 97.

98.   Defendants admit that Xavier Becerra is the former Attorney General of the State of California, that the California Attorney General is the chief law officer of the State of California, and that the DOJ enforces California laws related to possessing and acquiring firearms. Defendants also admit that Luis Lopez is the Director of the BOF and that the Director oversees the operations of the BOF.  Except as specifically admitted, Defendants deny the allegations in Paragraph 98.

99.   Defendants admit that the Second Amendment to the United States Constitution speaks for itself.  Otherwise, the allegations in Paragraph 99 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 99.

100.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and, on that basis, deny those allegations.

101.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and, on that basis, deny those allegations.

102.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and, on that basis, deny those allegations.

103.  Defendants admit that firearms dealers are subject to California laws and regulations related to the sale of firearms.  Otherwise, the allegations in Paragraph 103 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 103.

104.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and, on that basis, deny those allegations.

105.  The allegations in Paragraph 105 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 105.

14

106. The allegations in Paragraph 106 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108. Defendants admit that the judicial opinion referenced in Paragraph 108 speaks for itself.  Otherwise, the allegations in Paragraph 108 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 108.

109. Defendants admit that the judicial opinion referenced in Paragraph 109 speaks for itself.  Otherwise, the allegations in Paragraph 109 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 109.

110. Defendants admit that the judicial opinion referenced in Paragraph 110 speaks for itself.  Otherwise, the allegations in Paragraph 110 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 110.

111. Defendants admit that the judicial opinions referenced in Paragraph 111 speak for themselves.  Otherwise, the allegations in Paragraph 111 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 111.

112. Defendants admit that the judicial opinion referenced in Paragraph 112 speaks for itself.  Otherwise, the allegations in Paragraph 112 characterize Plaintiffs' claims and legal

15

conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 112.

113.  Defendants admit that the judicial opinions referenced in Paragraph 113 speak for themselves.  Otherwise, the allegations in Paragraph 113 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 113.

114.  The allegations in Paragraph 114 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.  The allegations in Paragraph 115 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116.  Defendants admit that the judicial opinion referenced in Paragraph 116 speaks for itself.  Otherwise, the allegations in Paragraph 116 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 116.

117.  The allegations in Paragraph 117 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118.  Defendants admit that the article referenced in Paragraph 118 speaks for itself.  Otherwise, the allegations in Paragraph 118 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 118.

119. The allegations in Paragraph 119 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 119.

120. The allegations in Paragraph 120 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121. Defendants admit that the DOJ enforces California laws related to possessing and acquiring firearms. Otherwise, the allegations in Paragraph 121 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 121.

122. The allegations in Paragraph 122 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123. Defendants admit that the statute referenced in Paragraph 123 speaks for itself. Otherwise, the allegations in Paragraph 123 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 123.

124. Defendants admit that the judicial opinion referenced in Paragraph 124 speaks for itself. Otherwise, the allegations in Paragraph 124 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 124.

125. Defendants admit that the judicial opinion referenced in Paragraph 125 speaks for itself. Otherwise, the allegations in Paragraph 125 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the

extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 125.

126. The allegations in Paragraph 126 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127. The allegations in Paragraph 127 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128. Defendants admit that individuals and firearms dealers are subject to California laws and regulations related to the sale of firearms. Otherwise, the allegations in Paragraph 128 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 128.

129. The allegations in Paragraph 129 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130. The allegations in Paragraph 130 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131. The allegations in Paragraph 131 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 131.

132. Defendants admit that individuals and firearms dealers are subject to California laws and regulations related to the sale of firearms. Otherwise, the allegations in Paragraph 132 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in Paragraph 132.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and, on that basis, deny those allegations.

134. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 134. In addition, the allegations in Paragraph 134 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135. The allegations in Paragraph 135 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136. The allegations in Paragraph 136 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

### Count II:  Deprivation of Civil Rights, Equal Protection

137. Defendants admit that Plaintiffs purports to incorporate by reference their allegations in the preceding paragraphs.

138. The allegations in Paragraph 138 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139. The allegations in Paragraph 139 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 139.

140. The allegations in Paragraph 140 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141. The allegations in Paragraph 141 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in Paragraph 141.

19

142. The allegations in Paragraph 142 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143. The allegations in Paragraph 143 characterize Plaintiffs' claims and legal conclusions and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in Paragraph 143.

### Prayer for Relief

Defendants admit that Plaintiff purports to request the relief listed in the Prayer for Relief, but deny that Plaintiffs are entitled to the requested relief or any other relief.  To the extent the Prayer for Relief contains any allegations to which a response is required, Defendants deny them.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.  In asserting these defenses, Defendants do not assume the burden of establishing any fact or proposition where that burden is properly imposed on Plaintiffs.  Defendants reserve the right to assert additional affirmative defenses that are revealed during the pendency of this action.

### First Affirmative Defense

The Complaint, and each cause of action stated therein, fail to allege facts sufficient to constitute a cause of action.

### Second Affirmative Defense

Plaintiffs' claims in this action are barred because Plaintiffs lack standing to bring them.

### Third Affirmative Defense

To the extent Defendants have undertaken any conduct with respect to the subjects and events underlying the Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

### Fourth Affirmative Defense

Defendants have not knowingly or intentionally waived any applicable defense or affirmative defense.  Defendants reserve the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted

20

by others in this case, and to amend the Answer, defenses, and/or affirmative defenses accordingly.  Defendants further reserve the right to amend the Answer to delete defenses and/or affirmative defenses that are not applicable after subsequent discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1.  Plaintiffs take nothing by reason of their Complaint;

2.  Judgment be entered in favor of Defendants and adverse to Plaintiffs;

3.  Defendants be awarded costs incurred in defending this action; and

4.  Defendants be awarded such further relief that the Court may deem just and proper.

Dated:  March 19, 2021

Respectfully submitted,

MATTHEW RODRIQUEZ
Acting Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


_____*/s/ Jerry T. Yen*_____
JERRY T. YEN
Deputy Attorney General
*Attorneys for Defendants Matthew Rodriquez, in his official capacity as Acting California Attorney General, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

# CERTIFICATE OF SERVICE

Case Name:   **Nguyen, Michelle, et al. v.**          No.   **3:20-cv-02470**
             **Xavier Becerra, et al.**

I hereby certify that on <u>March 19, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS ACTING ATTORNEY GENERAL MATTHEW RODRIQUEZ AND DIRECTOR LUIS LOPEZ'S ANSWER TO COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 19, 2021</u>, at Sacramento, California.

| Lindsey Cannan | /s/ *Lindsey Cannan* |
|:---:|:---:|
| Declarant | Signature |

SA2020305120
34934651.docx