UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE NGUYEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA[1], *in his official capacity as Attorney General of California*, et al.,<br><br>Defendants. | Case No.:  20cv2470-WQH-MDD<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>**[ECF No. 15]** |

On August 12, 2021, the parties jointly moved the Court to continue all deadlines set in the May 19, 2021 Scheduling Order by 90 days.  (ECF No. 15).  Although the parties sought a 90-day extension, based upon delays occasioned by the need for Defendants to obtain approval to contract with experts, the parties did not state when the approval process was expected to be completed.  (*Id.* at 2).  Under these circumstances, a continuance of 90 days is not warranted.  The Court finds there is good cause to continue the discovery deadlines by 30 days, with the other pretrial deadlines to remain as previously scheduled.  Accordingly, the Court **GRANTS IN PART** and **DENIES IN**

---

[1] Rob Bonta became Attorney General of California on April 23, 2021 and is therefore substituted for Xavier Becerra as a Defendant in this action.  *See* Fed. R. Civ. P. 25(d).  The Clerk of Court is instructed to update the docket accordingly.

**PART** the parties' joint motion as follows:

1. All discovery, including expert discovery, shall be completed by all parties by **November 19, 2021**. Completed means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date. <u>All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred. The parties are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rule 26.1(a). The parties are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the court.</u>

2. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **September 20, 2021**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **October 18, 2021**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(C).

3. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

4. All other pretrial motions must be filed by **November 19, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

5. Upon joint request of the parties, a Mandatory Settlement Conference shall be conducted before **Magistrate Judge Mitchell D. Dembin**.

6. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **February 18, 2022**.

7. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **February 18, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

8. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **February 25, 2022**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 4, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

10. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 11, 2022**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

11. The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **March 18, 2022** at **11:00 a.m.**

12. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

13. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

16. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:   August 12, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge