Rob Bonta
Attorney General of California
Anthony R. Hakl
Supervising Deputy Attorney General
Jerry T. Yen
Deputy Attorney General
State Bar No. 247988
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7836
 Fax:  (916) 324-8835
 E-mail:  Jerry.Yen@doj.ca.gov
*Attorneys for Rob Bonta, in his official
capacity as California Attorney General, and
Luis Lopez, in his official capacity as
Director of the Department of Justice Bureau
of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE NGUYEN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California, et al.,**<br><br>Defendants. | Case No. 3:20-cv-02470-WQH-MDD<br><br>**DEFENDANTS' NOTICE OF MOTION; *DAUBERT* MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       May 20, 2022<br>Time:       No oral argument unless<br>            requested by the Court<br>Judge:      Hon. William Q. Hayes<br>Courtroom:  14B<br>Action Filed:  Dec. 18, 2020 |

**NOTICE OF MOTION AND**

**MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY**

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 20, 2022, or as soon thereafter as the matter may be heard before the Honorable William Q. Hayes (no oral argument unless requested by the Court (Dkt No. 22)), Defendants California Attorney General Rob Bonta and Director Luis Lopez will and hereby do move, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 508 U.S. 579, 589-91 (1993) and Federal Rule of Evidence 702, to preclude or limit the testimony of George A. Mocsary as an expert witness for Plaintiffs in this action. The Court should preclude Mr. Mocsary's testimony because (1) he does not have any specialized knowledge of American history and tradition regarding the number of firearms purchased within a given timeframe, and (2) his opinions are not based on sufficient facts or the product of reliable research. Under Federal Rule of Evidence 702, Mr. Mocsary's opinions should be disregarded in their entirety.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Jerry T. Yen, the pleadings and papers on file in this action, and such further evidence, both oral and documentary, that may be offered at the time of the hearing on this motion.

1    Dated:  April 8, 2022                          Respectfully submitted,

2                                                   ROB BONTA
                                                    Attorney General of California
3                                                   ANTHONY R. HAKL
                                                    Supervising Deputy Attorney General
4

5                                                   _____/s/ Jerry T. Yen_____
                                                    JERRY T. YEN
6                                                   Deputy Attorney General
                                                    *Attorneys for Rob Bonta, in his official*
7                                                   *capacity as California Attorney*
                                                    *General, and Luis Lopez, in his official*
8                                                   *capacity as Director of the*
                                                    *Department of Justice Bureau of*
9                                                   *Firearms*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................. 1

Legal Standard ............................................................................................ 1

Argument .................................................................................................... 2

    I.     Mocsary Does Not Have Any Specialized Knowledge ........................ 2

    II.    Mocsary's Opinions Are Not Based on Sufficient Facts and Are
            Not the Product of Reliable Research .................................................. 2

Conclusion .................................................................................................. 4

# TABLE OF AUTHORITIES

**Page**

CASES

*Crowe v. Marchand*
    506 F.3d 13 (1st Cir. 2008) ..................................................... 1

*Daubert v. Merrell Dow Pharms., Inc.*
    509 U.S. 579 (1993) ............................................................ 1, 2

*DSU Med. Corp. v. JMS Co., Ltd.*
    296 F. Supp. 2d 1140 (N.D. Cal. 2003) ................................... 1

*Fed. Trade Comm'n v. Qualcomm Inc.*
    No. 17-cv-00220-LHK, 2018 WL 6615050 (N.D. Cal. Dec. 17,
    2018) ........................................................................................ 2

*Kumho Tire Co. v. Carmichael*
    526 U.S. 137 (1999) ................................................................ 1

*U.S. v. Curtis*
    782 F.2d 593 (6th Cir. 1986) .................................................. 2

STATUTES

Maryland Code Annotated
    Article 27, § 442A ................................................................... 3

Maryland Gun Violence Act of 1996
    Chapter 561 .............................................................................. 3

New York City Administrative Code
    § 10-302.1(b) ........................................................................... 3

COURT RULES

Federal Rule of Evidence
    702 .......................................................................................... 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs' expert witness, George A. Mocsary ("Mocsary"), offers opinions on the American history and tradition regarding the number of firearms that may be purchased within a given timeframe. Those opinions do not reflect any "specialized knowledge," are not "based on sufficient facts or data," and are not "the product of reliable principles and methods" as required under Federal Rule of Evidence 702 to be admitted as expert testimony. Thus, the Court should grant Defendants' *Daubert* motion and preclude his testimony.

### LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony only from a witness who is "qualified as an expert by knowledge, skill, experience, training, or education." General qualifications, however, are not sufficient. Rather, an expert witness must be qualified in the specific subject for which the testimony is offered. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-91 (1993). Rule 702 also "places limits on the areas of expertise and the methodologies of analysis which may be covered and used by an expert witness." *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1146 (N.D. Cal. 2003).

Expert witness testimony is admissible if it will assist the trier of fact to determine a fact at issue, is based on sufficient facts or data, is the product of reliable principles and methods, and the witness has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. These requirements are meant to help "ensure, as a condition of admissibility, that proffered expert testimony rests on a sufficiently trustworthy foundation." *Crowe v. Marchand*, 506 F.3d 13, 17 (1st Cir. 2008) (citing *Daubert*, 509 U.S. at 597). Rule 702 requires that the Court serve as a gatekeeper to ensure that all expert testimony "is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)

1

1   (citing *Daubert*, 509 U.S. at 589).  While "the Court's gatekeeping duty is 'less

2   pressing' regarding a bench trial," "the *Daubert* inquiry must still be performed."

3   *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018 WL 6615050,

4   at *2 (N.D. Cal. Dec. 17, 2018) (quoting *AngioScore, Inc. v. TriReme Med., Inc.*, 87

5   F. Supp. 3d 986, 1016 (N.D. Cal. 2015)).

6                                      **ARGUMENT**

7   **I.    MOCSARY DOES NOT HAVE ANY SPECIALIZED KNOWLEDGE**

8         Mocsary is a law professor that previously taught a firearms law class and co-

9   authored a textbook on firearms law.  *See* Yen Decl.,[1] Exh. A (Mocsary Decl.) at

10  Exhibit 1 [Mocsary's Curriculum Vitae].  He does not focus on any particular

11  aspect of firearms law.  Yen Decl., Exh. B (Mocsary Depo.) at 12:7-11.  He is not a

12  historian and simply consulted historical sources to reach his opinions.  *Id*. at

13  40:14-41:17.

14        Moreover, much of Mocsary's report consists of citing cases and statutes.  Yen

15  Decl., Exh. A at ¶¶ 13-18, 23-28.  This is not specialized knowledge and goes

16  beyond the function of expert testimony.  *See U.S. v. Curtis*, 782 F.2d 593, 599 (6th

17  Cir. 1986) ("Experts interpret and analyze factual evidence.  They do not testify

18  about the law because the judge's special legal knowledge is presumed to be

19  sufficient . . . .").  In sum, Mocsary does not have specialized knowledge relevant to

20  American history or regulations on the number of firearms purchased within a

21  given timeframe.

22  **II.   MOCSARY'S OPINIONS ARE NOT BASED ON SUFFICIENT FACTS AND ARE
          NOT THE PRODUCT OF RELIABLE RESEARCH**

23

24        In addition to Mocsary's citation of cases and statutes, Mocsary references

25  only three historical books to support his opinions.  Yen Decl., Exh. A at ¶¶ 19-22.

26  None of those references discuss regulations on the purchase of firearms.  The first

27  _____

28        [1] Declaration of Jerry T. Yen in Support of Defendants' *Daubert* Motion to
      Preclude Testimony of George A. Mocsary ("Yen Decl.").

                                            2

1    reference involves American colonists importing and transporting various goods,

2    including weapons and munition.  *Id*. at ¶ 19.  The second reference quoting

3    Thomas Jefferson was made in the context of a sale of firearms to a foreign

4    government.  Yen Decl., Exh. B at 57:8-59:9.  The third reference describes an

5    individual acquiring firearms for the military and does not indicate what eventually

6    happened to those firearms.  Yen Decl., Exh. A at ¶ 21; Exh. B at 67:13-68:6.

7    These references have nothing to do with regulations on the number of firearms that

8    may be purchased.  Thus, Mocsary's opinions regarding regulations in American

9    history on the number of firearms that may be purchased are not based on sufficient

10   facts.

11        Further, Mocsary's research is not reliable.  In coming to his conclusions,

12   Mocsary spent only 10 to 15 hours researching historical sources.  Yen Decl., Exh.

13   B at 44:11-15.  And this research was limited to a google search and review of his

14   book collection.  *Id*. at 40:14-42:24.  He did not even look at well-known historical

15   databases with documents and firearms regulations from the colonial era of

16   American history.  *Id*. at 44:22-45:11.

17        Mocsary's analysis of laws (Yen Decl., Exh. A at ¶¶ 23-28) also contains

18   errors and ignores certain laws.  Specifically, Mocsary claims that Maryland's one-

19   handgun-per-month law appeared in 2003.  *Id*. at ¶ 26.  This is clearly wrong

20   because Maryland passed its Gun Violence Act in 1996, which included a

21   limitation on handgun purchases to one every thirty days.  Yen Decl., Exh. C

22   [Maryland Gun Violence Act of 1996, ch. 561, 1996 Md. Acts 3139, 3159 (codified

23   as Md. Code Ann., Art. 27, § 442A) and Md. Code Ann., Art. 27, § 442A (1996)].

24   Mocsary's analysis also fails to include New York City's ordinance limiting

25   purchases of firearms to one every ninety days.  Yen Decl., Exh. D [New York City

26   Admin. Code § 10-302.1(b)].

27        At bottom, Mocsary's opinions are not the result of comprehensive or reliable

28   research.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court preclude Mocsary's testimony and opinions.

Dated:  April 8, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


*/s/ Jerry T. Yen*
JERRY T. YEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as California Attorney General, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

4

# CERTIFICATE OF SERVICE

Case Name:   **Nguyen, Michelle, et al. v. Rob Bonta, et al.**          No.   **3:20-cv-02470**

I hereby certify that on <u>April 8, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION; *DAUBERT* MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF JERRY T. YEN IN SUPPORT OF DEFENDANTS' *DAUBERT* MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 8, 2022</u>, at Sacramento, California.

| Lindsey Cannan | /s/ *Lindsey Cannan* |
|:---:|:---:|
| Declarant | Signature |

SA2020305120
36074003