1  ROB BONTA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  JERRY T. YEN
   Deputy Attorney General
4  State Bar No. 247988
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 210-7836
    Fax: (916) 324-8835
7   E-mail: Jerry.Yen@doj.ca.gov
   *Attorneys for Rob Bonta, in his official*
8  *capacity as California Attorney General, and*
   *Luis Lopez, in his official capacity as*
9  *Director of the Department of Justice Bureau*
   *of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE NGUYEN, et al.,**<br><br>                    Plaintiffs,<br><br>     v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California, et al.,**<br><br>                    Defendants. | Case No. 3:20-cv-02470-WQH-MDD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY**<br><br>Date:         May 20, 2022<br>Time:        No oral argument unless<br>                  requested by the Court<br>Judge:       Hon. William Q. Hayes<br>Courtroom: 14B<br>Action Filed: Dec. 18, 2020 |

## TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 1
Argument ............................................................................................................... 1
    I.    Mocsary Lacks Specialized Knowledge for This Case ........................ 1
    II.   Mocsary's Declaration is Not Based on Sufficient Facts or Data ........ 2
    III.  Mocsary's Opinions are Not Based on Reliable Principles and Methods ................................................................................................ 2
Conclusion ............................................................................................................. 3

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Allen v. American Cyanamid*
  Case No. 11-CV-0055, 2021 WL 1086245 (E.D. Wis. March 22,
  2021)......................................................................................................................2

*In re Initial Public Offering Securities Litigation*
  174 F. Supp. 2d 61 (S.D.N.Y. 2001)....................................................................1

*Langbord v. United States Department of Treasury*
  832 F.3d 170 (3rd Cir. 2016)................................................................................3

*Levin v. Dalva Borthers, Inc.*
  459 F.3d 68 (1st Cir. 2006) ..................................................................................2

*U.S. v. Curtis*
  782 F.2d 593 (6th Cir. 1986)................................................................................1

# INTRODUCTION

The opinions of Plaintiffs' expert witness, George A. Mocsary ("Mocsary") are not based on "specialized knowledge," "sufficient facts or data," nor "reliable principles and methods." Although Mocsary has taught a firearms law class and published several articles regarding firearms law, he does not have any expertise in the purchase and sale of firearms in American history. In addition, Mocsary's opinions are based on irrelevant passages from three select references and a few hours of research, and they contain errors and omissions that an expert would not have made. Thus, the Court should grant Defendants' *Daubert* motion and preclude Mocsary's declaration and testimony in this case.

# ARGUMENT

## I.  MOCSARY LACKS SPECIALIZED KNOWLEDGE FOR THIS CASE

Mocsary does not have "specialized knowledge" that is helpful to this case. Plaintiffs do not dispute that Mocsary's discussion of cases and statutes goes beyond the scope of expert testimony. Therefore, the Court should at least exclude those portions of Mocsary's declaration. *See U.S. v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986) ("Experts . . . do not testify about the law"); *see also In re Initial Public Offering Securities Litigation*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) ("experts may not invade the court's province by testifying on issues of law") (citations omitted).

The rest of Mocsary's declaration focuses on American history and tradition of "transact[ing] in firearms without restriction as to quantity, for personal use or otherwise." *See* Ex. A (Mocsary Decl.) ¶¶ 19-22.[1] However, Mocsary admittedly does not have any expertise in this particular area. *See* Ex. B (Mocsary Depo.) at 12:7-11. Indeed, none of Mocsary's publications involve the history of firearms transactions. *See* Ex. A at Exhibit 1 [Mocsary's Curriculum Vitae]. Moreover,

---

[1] "Ex." followed by a letter are citations to Defendants' exhibits accompanying the Declaration of Jerry T. Yen in support of Defendants' *Daubert* Motion (Dkt. No. 30-1).

1  Plaintiffs cite no authority for their suggestion that Mocsary's expert declarations in
2  other firearms cases qualifies him as an expert in this case.  To the contrary, an
3  expert that submits a declaration in one case does not mean that he has the
4  specialized knowledge for a different case.  *See Levin v. Dalva Borthers, Inc.*, 459
5  F.3d 68, 78 (1st Cir. 2006) ("That 'a witness qualifies as an expert with respect to
6  certain matters or areas of knowledge, [does not mean] that he or she is qualified to
7  express expert opinions as to other fields.'") (citation omitted).

8  **II.   MOCSARY'S DECLARATION IS NOT BASED ON SUFFICIENT FACTS OR DATA**
9

10  As discussed in Defendants' *Daubert* motion, Mocsary bases his opinions
11  mainly on irrelevant quotations from three historical books.  *See* Dkt. No. 30 at 2-3;
12  Ex. A ¶¶ 19-22.  Plaintiffs do not even make any arguments to the contrary.
13  Ultimately, citing three references that have nothing to do with regulations on the
14  number of firearms that may be purchased is not sufficient to support Mocsary's
15  opinion in this case.
16  Apparently recognizing this deficiency, Plaintiffs now argue that Mocsary's
17  opinion is also supported by his consultation of others and an article introduced
18  during Mocsary's deposition.  Dkt. No. 32 (Plaintiffs' Opp'n) at 8-9.  However,
19  none of that was cited in Mocsary's expert declaration.

20  **III.  MOCSARY'S OPINIONS ARE NOT BASED ON RELIABLE PRINCIPLES AND METHODS**
21

22  Mocsary's research is deficient and clearly not reliable.  Plaintiffs concede that
23  his research consisted of only 10 to 15 hours in an unfamiliar area of firearms law
24  and discussions with others.  Plaintiffs' Opp'n at 6-7.  And, as pointed out in
25  Defendants' *Daubert* motion, Mocsary did not research well-known historical
26  databases.  Dkt No. 40 at 3 (citing Exh. B at 44:22-45:11.)  This is not a reliable
27  method of research.  *See Allen v. American Cyanamid*, Case No. 11-CV-0055, 2021
28  WL 1086245, *15 (E.D. Wis. March 22, 2021) ("Proper historical work [by an

expert] involves surveying the full array of available sources, evaluating the reliability of the sources, and thus providing a basis for a reliable narrative about the past") (internal quotations omitted) (citing *Langbord v. United States Department of Treasury*, 832 F.3d 170, 195 (3rd Cir. 2016)).  Nevertheless, Plaintiffs claim that the result of Mocsary's research and his failure to accurately explain the history of OGM laws in this country "doesn't amount to a hill of beans." Plaintiffs' Opp'n at 10.  When providing opinions regarding history, accuracy is important.  And this lack of accuracy exemplifies Mocsary's failure to perform his research thoroughly and reliably.  Further, as mentioned earlier, Plaintiffs acknowledge that another article, which Defendants introduced at Mocsary's deposition, supports his opinion. *Id.* at 9.  That begs the question as to why Mocsary did not find and cite that article in his expert declaration.  All of this demonstrates that Mocsary's opinions are not the product of reliable research.

## CONCLUSION

For these reasons, and those discussed in Defendants' memorandum in support of their *Daubert* motion, the Court should preclude Mocsary's opinions and declaration.

| | | |
|---|---|---|
| 1 | Dated: May 13, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | ANTHONY R. HAKL<br>Supervising Deputy Attorney General |

*/s/ Jerry T. Yen*
JERRY T. YEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as California Attorney General, and Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms*

## CERTIFICATE OF SERVICE

| Case Name: | **Nguyen, Michelle, et al. v. Rob Bonta, et al.** | No. | **3:20-cv-02470** |
|---|---|---|---|

I hereby certify that on May 13, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 13, 2022, at Sacramento, California.

| Eileen A. Ennis | *[signature]* Eileen A. Ennis |
|---|---|
| Declarant | Signature |

SA2020305120
36171580.docx