1   ROB BONTA
    Attorney General of California
2   ANTHONY R. HAKL
    Supervising Deputy Attorney General
3   JERRY T. YEN
    Deputy Attorney General
4   State Bar No. 247988
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone:  (916) 210-7836
     Fax:  (916) 324-8835
7    E-mail:  Jerry.Yen@doj.ca.gov
    *Attorneys for Rob Bonta, in his official*
8   *capacity as California Attorney General, and*
    *Allison Mendoza, in her official capacity as*
9   *Director of the Department of Justice Bureau*
    *of Firearms*

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| **MICHELLE NGUYEN, et al.,** | Case No. 3:20-cv-02470-WQH-MMP |
| Plaintiffs, | |
| v. | **DEFENDANTS' NOTICE OF MOTION; *DAUBERT* MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY; MEMORANDUM OF POINTS AND AUTHORITIES** |
| **ROB BONTA, in his official capacity as Attorney General of California, et al.,** | |
| Defendants. | Date:          To be set by the Court<br>Judge:        Hon. William Q. Hayes<br>Courtroom:  14B<br>Action Filed:  Dec. 18, 2020 |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND
MOTION TO PRECLUDE TESTIMONY OF GEORGE A. MOCSARY**

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be set before the Honorable William Q. Hayes (Dkt No. 57), Defendants California Attorney General Rob Bonta and Director Allison Mendoza will and hereby do move, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 508 U.S. 579, 589-91 (1993) and Federal Rule of Evidence 702, to preclude or limit the testimony of George A. Mocsary as an expert witness for Plaintiffs in this action.  The Court should preclude Mr. Mocsary's testimony because (1) he does not have any specialized knowledge of American history and tradition regarding the number of firearms purchased within a given timeframe, and (2) his opinions are not based on sufficient facts or the product of reliable research.  Under Federal Rule of Evidence 702, Mr. Mocsary's opinions should be disregarded in their entirety.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the declarations and evidence filed concurrently herewith, the pleadings and papers on file in this action, and such further evidence, both oral and documentary, that may be offered at the time of the hearing on this motion.

i

1   Dated:  September 15, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


_____/s/ Jerry T. Yen_____
JERRY T. YEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as California Attorney General, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

Defendants' *Daubert* Motion (3:20-cv-02470)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

Introduction........................................................................................................1

Procedural History ............................................................................................1

Legal Standard ..................................................................................................2

Argument ...........................................................................................................2

      I.      Mocsary Does Not Have Any Specialized Knowledge........................3

      II.     Mocsary's Opinions are Not Based on Sufficient Facts and Are Not the Product of Reliable Research.......................................................4

Conclusion .........................................................................................................5

iii

1

# TABLE OF AUTHORITIES

2

**Page**

3    CASES

4
*Allen v. American Cyanamid*
5       Case No. 11-CV-0055, 2021 WL 1086245 (E.D. Wis. March 22,
6       2021) ............................................................................................................4

7    *Crowe v. Marchand*
         506 F.3d 13 (1st Cir. 2008) ........................................................................2
8
*Daubert v. Merrell Dow Pharms., Inc.*
9       509 U.S. 579 (1993) .................................................................................1, 2

10
*DSU Med. Corp. v. JMS Co., Ltd.*
11      296 F. Supp. 2d 1140 (N.D. Cal. 2003) .....................................................2

12
*Fed. Trade Comm'n v. Qualcomm Inc.*
13      No. 17-cv-00220-LHK, 2018 WL 6615050 (N.D. Cal. Dec. 17,
         2018) ............................................................................................................2
14
*Kumho Tire Co. v. Carmichael*
15      526 U.S. 137 (1999) .....................................................................................2

16
*N.Y. Rifle & Pistol Assn., Inc. v. Bruen*
17      142 S. Ct. 2111 (2022) ...........................................................................1, 2, 3

18
*U.S. v. Curtis*
19      782 F.2d 593 (6th Cir. 1986) .......................................................................4

20    STATUTES

21
Maryland Code Annotated
22      Art. 27, § 442A ............................................................................................5

23
Maryland Gun Violence Act of 1996
24      Chapter 561, 1996 ........................................................................................5

25
New York City Administrative Code
26      § 10-302.1(b) ...............................................................................................5

27

28

Defendants' *Daubert* Motion (3:20-cv-02470)

1

## <u>TABLE OF AUTHORITIES</u>
### (continued)

2

**Page**

3
**COURT RULES**

4
Federal Rule of Evidence

5
702 .......................................................................................................... 1, 2

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' *Daubert* Motion (3:20-cv-02470)

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs' expert witness, George A. Mocsary ("Mocsary"), offers opinions on the American history and tradition regarding the number of firearms that may be purchased within a given timeframe. Those opinions do not reflect any "specialized knowledge," are not "based on sufficient facts or data," and are not "the product of reliable principles and methods" as required under Federal Rule of Evidence 702 to be admitted as expert testimony. Thus, the Court should grant Defendants' *Daubert* motion and preclude his testimony.

## PROCEDURAL HISTORY

In November 2021, Plaintiffs served Defendants with Mocsary's expert report. Ex. A[1] (Mocsary Report). Defendants deposed him in January 2022. *See* Exh. B (Mocsary Deposition Transcript Excerpts).

In April 2022, Defendants filed a *Daubert* motion to preclude Mocsary's opinions. ECF No. 30. After the Supreme Court issued its decision in *N.Y. Rifle & Pistol Assn., Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Court ordered, and the parties filed, supplemental briefing on the effect of *Bruen* in this case. ECF Nos. 43, 44. ECF Nos. 38, 43, 44. In January 2023, the Court denied Defendants' *Daubert* motion as premature because the Court granted the parties additional expert discovery regarding whether the challenged law is consistent with the Nation's historical tradition of firearm regulation. ECF No. 49. The Court also permitted the parties to file renewed *Daubert* motions. *Id*.

In February 2023, the Court issued an amended scheduling order setting deadlines for additional expert discovery. ECF No. 53. During this time for additional expert discovery, Mocsary did not submit a supplemental report.

---

[1] "Ex." followed by a letter are citations to Defendants' exhibits accompanying the Declaration of Jerry T. Yen in support of Defendants' *Daubert* Motion.

Defendants' *Daubert* Motion (3:20-cv-02470)

**LEGAL STANDARD**

Federal Rule of Evidence 702 permits expert testimony only from a witness who is "qualified as an expert by knowledge, skill, experience, training, or education."  General qualifications, however, are not sufficient.  Rather, an expert witness must be qualified in the specific subject for which the testimony is offered.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-91 (1993).  Rule 702 also "places limits on the areas of expertise and the methodologies of analysis which may be covered and used by an expert witness."  *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1146 (N.D. Cal. 2003).

Expert witness testimony is admissible if it will assist the trier of fact to determine a fact at issue, is based on sufficient facts or data, is the product of reliable principles and methods, and the witness has reliably applied the principles and methods to the facts of the case.  Fed. R. Evid. 702.  These requirements are meant to help "ensure, as a condition of admissibility, that proffered expert testimony rests on a sufficiently trustworthy foundation."  *Crowe v. Marchand*, 506 F.3d 13, 17 (1st Cir. 2008) (citing *Daubert*, 509 U.S. at 597).  Rule 702 requires that the Court serve as a gatekeeper to ensure that all expert testimony "is not only relevant, but reliable."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert*, 509 U.S. at 589).  While "the Court's gatekeeping duty is 'less pressing' regarding a bench trial," "the *Daubert* inquiry must still be performed."  *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018 WL 6615050, at *2 (N.D. Cal. Dec. 17, 2018) (quoting *AngioScore, Inc. v. TriReme Med., Inc.*, 87 F. Supp. 3d 986, 1016 (N.D. Cal. 2015)).

**ARGUMENT**

As discussed in *Bruen*, the historical inquiry generally focuses on the 18th and 19th centuries.  *See* 142 S. Ct. at 2136.  In some cases, this inquiry will be "fairly straightforward," such as when a challenged law addresses a "general societal problem that has persisted since the 18th century."  *Id*. at 2131.  But in others—

2

1  particularly those where the challenged laws address "unprecedented societal

2  concerns or dramatic technological changes"—this historical analysis requires a

3  "more nuanced approach." *Id.* at 2132.  In particular, governments can justify

4  regulations of that sort by "reasoning by analogy," a process that requires the

5  government to show that its regulation is "'relevantly similar'" to a "well-

6  established and representative historical analogue." *Id*. at 2333 (emphasis omitted).

7  And while the Court did not "provide an exhaustive survey of the features that

8  render regulations relevantly similar under the Second Amendment," it did identify

9  "two metrics:  how and why the regulations burden a law-abiding citizen's right to

10  armed self-defense." *Id.*  Under *Bruen*, a modern regulation is consistent with the

11  Second Amendment if it "impose[s] a comparable burden on the right of armed

12  self-defense" as its historical predecessors, and the modern and historical laws are

13  "comparably justified." *Id.*; *see also id.* (modern-day regulation need not be a

14  "dead ringer" for historical precursors or a "historical *twin*" to "pass constitutional

15  muster").

16       Here, Mocsary does not engage in any of the historical analysis outlined in

17  *Bruen*, such as comparing or analogizing historical regulations from the founding or

18  Reconstruction eras.  Moreover, his opinions do not reflect any "specialized

19  knowledge," are not "based on sufficient facts or data," and are not "the product of

20  reliable principles and methods."

21  **I.  MOCSARY DOES NOT HAVE ANY SPECIALIZED KNOWLEDGE**

22       Mocsary is a law professor that previously taught a firearms law class and co-

23  authored a textbook on firearms law.  *See* Ex. A at Exhibit 1 [Mocsary's

24  Curriculum Vitae].  He does not focus on any particular aspect of firearms law.

25  Exh. B at 12:7-11.  He is not a historian and simply consulted historical sources to

26  reach his opinions. *Id*. at 40:14-41:17.

27       Moreover, much of Mocsary's report consists of citing cases and statutes.

28  Exh. A at ¶¶ 13-18, 23-28.  This is not specialized knowledge and goes beyond the

3

Defendants' *Daubert* Motion (3:20-cv-02470)

function of expert testimony.  *See U.S. v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986) ("Experts interpret and analyze factual evidence.  They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient . . . .").  In sum, Mocsary does not have specialized knowledge relevant to the Nation's history or traditions regarding the number of firearms purchased within a given timeframe.

## II. MOCSARY'S OPINIONS ARE NOT BASED ON SUFFICIENT FACTS AND ARE NOT THE PRODUCT OF RELIABLE RESEARCH

In addition to Mocsary's citation of cases and statutes, Mocsary references only three historical books to support his opinions.  Ex. A at ¶¶ 19-22.  None of those references discuss regulations on the purchase of firearms or even firearms regulations generally.  The first reference involves American colonists importing and transporting various goods, including weapons and munition.  *Id*. at ¶ 19.  The second reference quoting Thomas Jefferson was made in the context of a sale of firearms to a foreign government.  Exh. B at 57:8-59:9.  The third reference describes an individual acquiring firearms for the military and does not indicate what eventually happened to those firearms.  Exh. A at ¶ 21; Exh. B at 67:13-68:6.  These references have nothing to do with firearms regulations.  Thus, Mocsary's opinions regarding American history and tradition on the number of firearms that may be purchased are not based on sufficient facts.

Further, Mocsary's research is not reliable.  In coming to his conclusions, Mocsary spent only 10 to 15 hours researching historical sources.  Exh. B at 44:11-15.  And this research was limited to a google search and review of his book collection.  *Id*. at 40:14-42:24.  He did not even look at well-known historical databases with documents and firearms law from the colonial era of American history.  *Id*. at 44:22-45:11.  This is not a reliable method of research.  *See Allen v. American Cyanamid*, Case No. 11-CV-0055, 2021 WL 1086245, *15 (E.D. Wis. March 22, 2021) ("Proper historical work [by an expert] involves surveying the full array of available sources, evaluating the reliability of the sources, and thus

4

1   providing a basis for a reliable narrative about the past") (internal quotations

2   omitted) (citing *Langbord v. United States Department of Treasury*, 832 F.3d 170,

3   195 (3rd Cir. 2016)).

4        Mocsary's analysis of laws (Exh. A at ¶¶ 23-28) also contains errors and

5   ignores certain laws.  Specifically, Mocsary claims that Maryland's one-handgun-

6   per-month law appeared in 2003.  Exh. A at ¶ 26.  This is clearly wrong because

7   Maryland passed its Gun Violence Act in 1996, which included limiting handgun

8   purchases to one every thirty days.  Exh. C [Maryland Gun Violence Act of 1996,

9   ch. 561, 1996 Md. Acts 3139, 3159 (codified as Md. Code Ann., Art. 27, § 442A)

10   and Md. Code Ann., Art. 27, § 442A (1996)].  Mocsary's analysis also fails to

11   include New York City's ordinance limiting purchases of firearms to one every

12   ninety days.  Exh. D [New York City Admin. Code § 10-302.1(b)].

13        At bottom, Mocsary's opinions are not the result of comprehensive or reliable

14   research.

15                                    **CONCLUSION**

16        For these reasons, Defendants respectfully request that the Court preclude

17   Mocsary's testimony and opinions.

18

19

20

21

22

23

24

25

26

27

28

Defendants' *Daubert* Motion (3:20-cv-02470)

1    Dated:  September 15, 2023                    Respectfully submitted,

2                                                  ROB BONTA
                                                   Attorney General of California
3                                                  ANTHONY R. HAKL
                                                   Supervising Deputy Attorney General
4

5

6                                                  */s/ Jerry T. Yen*

7                                                  JERRY T. YEN
                                                   Deputy Attorney General
8                                                  *Attorneys for Rob Bonta, in his*
                                                   *official capacity as California*
9                                                  *Attorney General, and Allison*
                                                   *Mendoza, in her official capacity as*
10                                                 *Director of the Department of Justice*
                                                   *Bureau of Firearms*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' *Daubert* Motion (3:20-cv-02470)