ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JERRY T. YEN
Deputy Attorney General
State Bar No. 247988
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7836
  Fax: (916) 324-8835
  E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as California Attorney General, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE NGUYEN, et al.,** | Case No. 3:20-cv-02470-WQH-MMP |
| Plaintiffs, | **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **ROB BONTA, in his official capacity as Attorney General of California, et al.,** | Date: To be set by the Court<br>Judge: Hon. William Q. Hayes<br>Courtroom: 14B<br>Action Filed: Dec. 18, 2020 |
| Defendants. | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 7.1.f.1, and the Court's Chamber Rules and Procedures, Defendants Rob Bonta, in his official capacity as Attorney General of California, and Allison Mendoza, in her official capacity as the Director of the California Department of Justice Bureau of Firearms, submit the following Statement of Undisputed Facts, together with

1

references to supporting evidence, in support of their concurrently filed motion for summary judgment.

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

| | Undisputed Facts | Supporting Evidence |
|---|---|---|
| 1. | In 1999, California passed a law limiting the purchase of handguns to one every thirty days and prohibited dealers from delivering a handgun to anyone who purchased a handgun within the preceding thirty-day period. | Cal. Stats. 1999, ch. 128 (Assemb. B. 202), § 2 (codified as Cal. Penal Code §§ 27535 and 27540(f)). |
| 2. | In 2019, California expanded the law to include semiautomatic centerfire rifles and limited the purchase of handguns or semiautomatic centerfire rifles to one every thirty days. | Cal. Stats. 2019, ch. 737 (S.B. 61), § 5 (amending Cal. Penal Code §§ 27535 and 27540(g)). |
| 3. | There are some exceptions to California's law that permit specified individuals or companies to purchase more than one handgun or semiautomatic centerfire rifle every thirty days. Some of these exceptions include peace officers, licensed private security businesses, licensed gun collectors, and movie production companies. | Cal. Penal Code § 27535(b). |
| 4. | Some transactions under California law are also exempt from the limit of | Cal. Penal Code § 27535(b)(7) and (8). |

2

|   |   |   |
|---|---|---|
|   | one handgun or one semiautomatic centerfire rifle every thirty days. |   |
| 5. | One of the legislative goals in limiting handgun purchases to one every thirty days is "to stop one gun purchaser from buying serval firearms and transferring a firearm to another person who does not have the legal ability to buy a gun him/herself." | Defendants' Notice of Legislative Facts in Support of Their Motion for Summary Judgment ("NLF"), Ex. 1 at 3. |
| 6. | The author of the bill (AB 202) limiting handgun purchases to one every thirty days noted that "There is no limit on the number of handguns that may be purchased from a dealer. This makes it easy for straw purchasers to acquire guns for another person or for street dealers to acquire guns legitimately. Handguns make up an overwhelming share of crime guns and a significant number are traceable to dealer transactions. AB 202 will curtail the illegal gun market, disarm criminals, and save lives by preventing multiple purchases of handguns through legitimate channels." | NLF, Exh. 1 at 3. |
| 7. | The author of the bill (SB 61) to add semiautomatic centerfire rifles to the | NLF, Exh. 2 at 3. |

3

|   |   |   |
|---|---|---|
|   | limit on the number that can be purchased every thirty days noted that "More and more shootings are occurring with long guns so it is important that we treat the laws of both handguns and long guns the same." |   |
| 8. | In support of SB 61, the Ventura County Board of Supervisors stated that "the County of Ventura supports legislation that reduces the likelihood of accidental or intentional homicides and, in particular, mass homicides." | NLF, Exh. 2 at 4. |
| 9. | The legislative history of AB 202 states that "The bill also provides numerous exemptions which are salutary because they encourage a person who may be involved lawfully in multi-gun exchanges to go to a licensed dealer, or to the local sheriff, in order to facilitate the exchange." | NLF, Exh. 1 at 4. |
| 10. | A 1996 study published in the *Journal of the American Medical Association* found a reduction in the likelihood that | DX-3[1] at 1760-61. |

---

[1] "DX" followed by exhibit number are citations to Defendants' exhibits accompanying the Declaration of Jerry T. Yen in support of Defendants' Motion for Summary Judgment.

4

Defs.' Statement of Undisputed Facts ISO Mot. for Summary Judgment  (3:20-cv-02470)

| | | |
|---|---|---|
| | a crime gun was acquired in Virginia after Virginia's one-gun-a-month law took effect and concluded that "restricting purchases of handguns to 1 per month is an effective way to disrupt the illegal movement of guns across state lines." | |
| 11. | A study published by the Virginia State Crime Commission reported that "Virginia no longer [was] the main source state for firearms trafficking to New York City since the one-gun-a-month law was passed" and found that the one-gun-a-month law "had its intended effect of reducing Virginia's status as a source state for gun trafficking." | DX-4 at 5, 7. |
| 12. | The same study published by the Virginia State Crime Commission noted that "prior to passage of the one-gun-a-month law, South Carolina was a leading source state for guns traced to New York City, accounting for 39% of guns recovered in criminal investigations. Following implementation of the law, South Carolina virtually dropped off of the | DX-4 at 3. |

5

Defs.' Statement of Undisputed Facts ISO Mot. for Summary Judgment  (3:20-cv-02470)

| | | |
|---|---|---|
| | statistical list of source states for firearms trafficked to the northeast." | |
| 13. | A study published in *Criminology and Public Policy* concluded that the research "supports the efficacy of OGM laws as a method for disrupting gun trafficking" and that "[a]n OGM law should disrupt straw purchasing operations, thereby reducing the flow of guns from the primary market into criminal channels." | DX-5 at 770. |
| 14. | The same study published in *Criminology and Public Policy* showed that "[g]uns sold in multiple sales accounted for about one quarter of crime guns and, more importantly, were at elevated risk for criminal use." | DX-5 at 767, 769. |
| 15. | A study published in the *Russell Sage Foundation Journal of the Social Sciences* found a reduction the likelihood that a Boston handgun would be traced to Virginia after Virginia's one-gun-a-month law took effect and the results "congruent with the findings of Weil and Knox's 1996 study and suggest that restricting handgun purchases to one per month | DX-6 at 89-90. |

| | | |
|---|---|---|
| | may change where criminals get their guns." | |
| 16. | A study published in the *Journal of Urban Health* found that, in California, "[h]andguns purchased by individuals who bought multiple similar guns were 58% more likely to be used in crime than were handguns purchased by individuals who purchased only one handgun in 1996." | DX-7 at 362. |
| 17. | Plaintiffs Dominic Boguski, Jay Medina, and Frank Colletti own at least one firearm that is used for self-defense. | DX-12, DX-13, DX-14, and DX-15 (Responses to Request for Admission No. 1). |
| 18. | Plaintiffs Michelle Nguyen, Dominic Boguski, Jay Medina, and Frank Colletti are able to purchase at least one firearm for self-defense. | DX-12, DX-13, DX-14, and DX-15 (Responses to Request for Admission No. 2). |
| 19. | Plaintiffs Michelle Nguyen, Dominic Boguski, Jay Medina, and Frank Colletti desire to purchase two or more handguns and semiautomatic rifles in a single transaction within a thirty-day period. | Docket No. 1, Complaint ¶¶ 73-77. |

| | | |
|---|---|---|
| 1 | Dated: September 15, 2023 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | ANTHONY R. HAKL<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | */s/ Jerry T. Yen* |
| 7 | | JERRY T. YEN<br>Deputy Attorney General<br>*Attorneys for Rob Bonta, in his official* |
| 8 | | *capacity as California Attorney* |
| 9 | | *General, and Allison Mendoza, in her*<br>*official capacity as Director of the* |
| 10 | | *Department of Justice Bureau of*<br>*Firearms* |

8

Defs.' Statement of Undisputed Facts ISO Mot. for Summary Judgment  (3:20-cv-02470)