ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JERRY T. YEN
Deputy Attorney General
State Bar No. 247988
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7836
 Fax: (916) 324-8835
 E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as California Attorney General, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE NGUYEN, et al.,**<br><br>                                    Plaintiffs,<br><br>     v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California, et al.,**<br><br>                                    Defendants. | Case No. 3:20-cv-02470-WQH-MMP<br><br>**DEFENDANTS' NOTICE OF LEGISLATIVE FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JERRY T. YEN**<br><br>Date:          To be set by the Court<br>Judge:         Hon. William Q. Hayes<br>Courtroom:  14B<br>Action Filed: Dec. 18, 2020 |

**NOTICE OF LEGISLATIVE FACTS**

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

Rob Bonta, Attorney General of the State of California, and Allison Mendoza, Director of the Department of Justice Bureau of Firearms, hereby provide this Court and the parties with notice of Exhibits 1-2 to the accompanying declaration of counsel as legislative facts in support of their motion for summary judgment. This

1

Court may consider legislative facts. *See* Fed. R. Evid. 201 advisory committee notes to subdivision (a) (1972) (explaining that legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body" and that no rule deals with judicial notice of those facts). "Judicial notice of legislative facts . . . is unnecessary." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009).

Dated: September 15, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


_/s/ Jerry T. Yen_
JERRY T. YEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as California Attorney General, and Allison Mendoza, in her official capacity as Director of the Department of Justice Bureau of Firearms*

|   |   |
|---|---|
| 1 | **DECLARATION OF JERRY T. YEN** |

I, Jerry T. Yen, declare:

1. I am a Deputy Attorney General for the Office of the Attorney General for the State of California, attorney of record for Defendants in this action.

2. I am competent to testify to the matters set forth in this declaration, and if called to do so, I would and could so testify. I make this declaration in support of Defendants' Motion for Summary Judgment.

3. A true and correct copy of **Assemb. B. 202, March 16, 1999 Assembly Committee on Public Safety Hearing, 1999-2000 Reg. Sess. (Cal. 1999)** is attached as **Exhibit 1**. This document is available on the California Legislature's website: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=199920000AB202.

4. A true and correct copy of **S.B. 61, June 25, 2019 Assembly Committee on Public Safety Hearing, 2019-2020 Reg. Sess. (Cal. 2019)** is attached as **Exhibit 2**. This document is available on the California Legislature's website: https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201920200SB61.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2023.

                                         */s/ Jerry T. Yen*
                                         JERRY T. YEN
                                         Deputy Attorney General

# Exhibit 1

```
                                                             BILL ANALYSIS




                                                    AB 202
_____       Page  1

Date of Hearing:   March 16, 1999
Chief Counsel:     Harry M. Dorfman

               ASSEMBLY COMMITTEE ON PUBLIC SAFETY
                      Mike Honda, Chairman

          AB 202 (Knox) - As Amended:  March 10, 1999

 SUMMARY  :   Prohibits any person from applying for more than one
concealable firearm within a 30-day period, and no delivery
shall be made to any person who has made an application to
purchase more than one concealable firearm within 30 days.
Specifically,  this bill   :

1)Prohibits making an application to purchase more than one
  pistol, revolver, or other firearm capable of being concealed
  on the person within any 30-day period.

2)Prohibits delivery to any person who has made an application
  to purchase more than one pistol, revolver, or other firearm
  capable of being concealed on the person within any 30-day
  period.

3)Provides that no person can make an application to purchase a
  pistol, revolver or other firearm capable of being concealed
  on the person within any 30-day period.  Exempts law
  enforcement, entertainment/theatrical companies, licensed
  collectors, and the exchange, replacement or return of a
  concealable firearm under specified conditions.

4)Provides penalties for making an application for more than one
  concealable firearm in any 30-day period:

   a)   A first violation is an infraction punishable by a fine
     of $50;

   b)   A second violation is an infraction punishable by a fine
     of $100; and,

   c)   A third or subsequent violation is a misdemeanor
     (punishable in the county jail up to six months, or by a
     fine not greater than $1,000, or both, pursuant to Penal
     Code Section 19).

5)Provides that each application to purchase a concealable
```

```
                                                    AB 202
_____       Page  2

  firearm shall be deemed a separate offense.

   EXISTING LAW  :

1)Prohibits the sale, lease, or transfer of firearms without a
  state firearms dealer's license.  (Penal Code Section
  12070(a).)  Violation is a misdemeanor, punishable by six
  months in the county jail; a $1,000 fine; or both.  (Penal
  Code Section 12070(a) and Penal Code Section 19.)

2)Provides that the duly constituted licensing authority of a
  city, county, or city and county shall accept applications
  for, and may grant, licenses permitting, licensees to sell
  firearms at retail.  The authority shall inform applicants who
  are denied licenses the reasons for the denial in writing.
  (Penal Code Section 12071(a)(2).)

3)Prohibits the supply, delivery, sale, giving possession or
  control of a firearm to any person within the classes of
  prohibition described in Penal Code Sections 12021 or 12021.1
  (Penal Code Section 12072(a)(1).)  Violation is a felony,
  punishable by two, three, or four years in state prison.
  (Penal Code Section 12072(g)(2)(A).)

4)Prohibits the sale, loan, or transfer of a firearm to a minor.
   (Penal Code Section 12072(a)(3)(A).)  Violation is an
  alternate misdemeanor/felony, punishable as a misdemeanor by
  imprisonment up to one year in county jail; a fine of $1,000;
  or both; or as a felony, by imprisonment for 16 months, 2 or 3
```

   years in state prison; a fine of $1,000; or both.  (Penal Code
   Section 12072(g)(3)(B).)

5) Prohibits the sale, loan, or transfer of a firearm to any
   person who is not the actual purchaser or transferee if the
   intent is to avoid the statutory requirements for lawful
   transfer.  (Penal Code Section 12072(a)(4).)  Violation is an
   alternate misdemeanor/felony, punishable the same as #4 above.
    (Penal Code Section 12072(g)(3)(A).)

6) Prohibits the supplying, selling, delivering, or giving
   possession or control of a pistol, revolver, or firearm
   capable of being concealed to any person under 21 years of
   age, or any other firearm to any person under 18 years of age.
    (Penal Code Section 12072(b))  Violation is a felony,
   punishable by two, three, or four years in state prison.

                                                        AB 202
                                                        Page  3

   (Penal Code Section 12072(g)(2)(D).)

7) Prohibits the delivery of a firearm to a person within 10 days
   of the application to purchase.  (Penal Code Section
   12072(c)(1).)  Violation is an alternate misdemeanor/felony,
   punishable the same as #4 above.  (Penal Code Section
   12072(g)(3)(D).)

8) Exempts certain persons and entities from the prohibitions of
   Penal Code Section 12072 such as peace officers, lawful
   importers, inter-family sales or bequests, auctions, etc.
   (Penal Code Section 12078)

9) Provides Penal Code Section 12072 violations are misdemeanors
   (Penal Code Section 12072(g)(1), except for specified felonies
   such as transferring a firearm to a person previously
   convicted of a felony (Penal Code Section 12072(g)(2)(A)), or
   except for specified "wobblers" (which may be charged either
   as a misdemeanor or a felony at the prosecutor's discretion)
   such as selling, loaning or transferring a firearm to a minor
   (Penal Code Section 12072(g)(3)(B)).

   FISCAL EFFECT  :  Unknown

   COMMENTS  :

   1) Author's Statement  .  According to the author, "There is no
   limit on the number of handguns that may be purchased from a
   dealer.  This makes it easy for straw purchasers to acquire
   guns for another person or for street dealers to acquire guns
   legitimately.  Handguns make up an overwhelming share of crime
   guns and a significant number are traceable to dealer
   transactions.  AB 202 will curtail the illegal gun market,
   disarm criminals, and save lives by preventing multiple
   purchases of handguns through legitimate channels.  Preventing
   multiple purchases takes the profit out of black market sales
   and puts gun traffickers and straw purchasers out of
   business."

2) Limiting Bulk Purchases to Cut Down on Straw Transactions.
   The goal of this bill is to stop one gun purchaser from buying
   several firearms and transferring a firearm to another person
   who does not have the legal ability to buy a gun him/herself.
   Such a transfer is referred to as a "straw transaction."
   Typically, straw transactions involve a third party who is

                                                        AB 202
                                                        Page  4

   under 21 years of age, has a disqualifying prior conviction,
   has a mental disorder, or is not a resident.
   3) Straw Transactions Violate Federal Law.   The Federal Gun
   Control Act forbids straw transactions.  Federal law prevents
   a person from purchasing guns in a state with lax laws and
   then returning to his or her state of residency.  If a gun has
   been transported across state lines, a licensed federal
   firearms dealer must process the transaction.  Additionally, a
   person who is not a federal firearms licensee cannot deliver a
   firearm to a resident of another state who is not federally

licensed. The only way that such a transaction can occur is if the transaction is brokered through a federal firearms licensee in the recipient's state of residence. Federal law criminalizes acquisition of firearms in one state, the return to a different state and sale of those firearms.

4) South Carolina and Virginia  . In 1975, South Carolina banned gun dealers from selling more than one handgun in a 30-day period to the same person. In 1993, Virginia passed a "one gun a month" law with some exemptions. Neither state has a waiting period; both use a "quick check" system. Nor do those states regulate private transactions, as does California.

5) Do the Proposed Exemptions to Penal Code Section 12072(a)(9)(A) Effectively Gut the Bill?  No. This bill amends Penal Code Section 12072 to prohibit more than one application for a concealable firearm in a 30-day period. The bill also provides numerous exemptions which are salutary because they encourage a person who may be involved lawfully in multi-gun exchanges to go to a licensed dealer, or to the local sheriff, in order to facilitate the exchange. Those exempt institutions, persons and situations include:

   a)   Any law enforcement agency;

   b)   Any agency authorized to perform law enforcement duties;

   c)   Any state or local correctional facility;

   d)   Any private security business licensed to conduct business in state;

   e)   Any peace officer;

   f)   Any motion picture, television, or video production

                                                        AB 202
                                                        Page 5

     company whose production involves a firearm;

   g)   Any person who may claim a waiting-period exemption pursuant to Penal Code Section 12078;

   h)   Any transaction conducted through a dealer pursuant to Penal Code Section 12082;

   i)   Any transaction conducted through a law enforcement agency pursuant to Penal Code Section 12084;

   j)   Any licensed collector;

   k)   The exchange of a concealable firearm where the purchase occurred within 30 days of the exchange;

   l)   The replacement of a concealable firearm where the gun was reported lost or stolen before the completion of the new application; and,

   m)   The return of any concealable firearm to its owner.

Despite the exemptions, the bill still hinders bulk purchase straw transactions by limiting applications for concealable firearms to one application per 30-day period.

6) Limiting Applications Will Not Stop Straw Transactions Entirely.  This bill will not stop bulk purchases to facilitate straw transactions. Those persons determined to violate the law are still able to do so. For example, assume six friends all want concealable guns. Assume further that three of those friends own guns currently and the other three friends are legally disqualified due to prior felony convictions. The three friends who can legally buy guns can go to a store and fill out individual applications to purchase one new handgun each. They receive the guns and turn them over to their friends. Or, assume one person wants to obtain a gun for each of his or her four friends who cannot legally purchase themselves. With a little patience, he or she makes a new application every 31st day and then turns over a gun to each friend in a few months.

7) Prior Legislation  . AB 532 (Knox), of the 1997-98 Legislative Session, was substantially similar to this bill and would have made it a misdemeanor to take title to more than one

```
                                            AB 202
                                            Page  6
```

concealable firearm in a 30-day period.  In addition, AB 532 would have made it an alternate felony/misdemeanor for a dealer to deliver a handgun after being notified that a person was attempting to take title to more than one handgun in a 30-day period.  AB 532 failed passage on the Assembly floor, was granted reconsideration, and died on the Assembly Inactive File.

SB 513 (Hayden), of the 1997-98 Legislative Session, was substantially similar to this bill and would have made it a misdemeanor to purchase more than one concealable firearm in a 30-day period.  In addition, SB 513 would have made it a misdemeanor for a dealer to deliver a handgun after being notified that a purchaser had applied to purchase a gun within the last 30 days.  SB 513 was gutted on the Assembly floor and became a bill relating to California Habeas Resource Center.

 REGISTERED SUPPORT / OPPOSITION  :

 Support

American Civil Liberties Union
California Nurses Association
California Peace Officers' Association
California Police Chiefs' Association
City of Los Angeles
Handgun Control, Inc.
Legal Community Against Violence
Los Angeles County District Attorney's Office
Los Angeles Police Department
Trauma Foundation
Women Against Gun Violence

Opposition

California Rifle and Pistol Association
Peace Officers Research Association of California
One Private Citizen

Analysis Prepared by  :  Harry Dorfman / PUB. S. / (916) 319-3744

# Exhibit 2

Date of Hearing: June 25, 2019
Chief Counsel:  Gregory Pagan

ASSEMBLY COMMITTEE ON PUBLIC SAFETY
Reginald Byron Jones-Sawyer, Sr., Chair

SB 61 (Portantino) – As Amended June 11, 2019

**SUMMARY:** Prohibits the sale of a semiautomatic centerfire rifle to any person under 21 years of age, and prohibits a person from making an application to purchase more than one long gun in any 30-day period, except as specified.  Specifically, **this bill**:

1) Prohibits a person from making an application to purchase more than one firearm of any type within any 30-day period and makes conforming changes to the existing prohibition against the purchase of more than one handgun in any 30-day period. (Pen. Code, § 27535, subd. (a).)

2) Adds the following entities to the existing exemption to the 30-day prohibition relating to sale of handguns:

   a) The purchase of a firearm other than a handgun by a person who possesses a valid, unexpired hunting license issued by the Department of Fish and Wildlife;

   b) The acquisition of a firearm, other than a handgun, at an auction or similar event conducted by a nonprofit public benefit, or mutual benefit corporation to fund the activities of that corporation or local chapter of that corporation; and,

   c) Clarifies that for the purpose of the above exemption, the frame or receiver of a firearm is a handgun, unless the application to purchase and delivered to the recipient is equipped with, is attached to, or is currently accompanied by, a barrel of 16 inches or greater in length.

3) Provides that effective January 1, 2021 a licensed firearms dealer shall not sell, supply, deliver, or give a semiautomatic centerfire rifle to any person under 21 years of age. This provision shall not apply to any of the following persons 18 years of age or older:

   a) An active peace officer, who is authorized to carry a firearm in the course and scope of his or her employment;

   b) An active federal officer, or law enforcement agent, who is authorized to carry a firearm in the course and scope of his or her employment;

   c) A reserve peace officer, who is authorized to carry a firearm in the course and scope of his or her employment;

   d) An active member of the United States Armed Forces, the National Guard, the Air national Guard, or the active reserve components of the United States, where the

    individuals in these organizations are properly identified. Proper identification includes the Armed Forces Identification Card or other written documentation certifying that the individual is an active or honorably retired member; and,

  e) A person who possesses a valid, unexpired hunting license issued by the Department of Fish and Wildlife and a certificate of eligibility issued by the Department of Justice (DOJ).

**EXISTING LAW:**

1) Prohibits a licensed firearms dealer from selling, supplying, or giving possession or control of a firearm to any person under 21 years of age. (Pen. Code, § 27510, subd. (a).)

2) Provides that the above prohibition does not apply to or affect the sale, supplying, or giving possession or control of a firearm to any person 18 years of age or older who possesses a valid, unexpired hunting license issued by the Department of Fish and Wildlife. (Pen. Code, § 27510, subd. (b)(1).)

3) Exempts the sale of a firearm, that is not a handgun, to the following persons that are 18 years of age or older:

  a) An active peace officer, who is authorized to carry a firearm in the course and scope of his or her employment;

  b) An active federal officer, or law enforcement agent, who is authorized to carry a firearm in the course and scope of his or her employment;

  c) A reserve peace officer, who is authorized to carry a firearm in the course and scope of his or her employment; and,

  d) An active member of the United States Armed Forces, the National Guard, the Air national Guard, or the active reserve components of the United States, where the individuals in these organizations are properly identified. Proper identification includes the Armed Forces Identification Card or other written documentation certifying that the individual is an active or honorably retired member. (Pen. Code, §27510, subd. (b)(2).)

4) Prohibits any person from making an application to purchase more than one handgun within any 30-day period. (Pen. Code, § 27535, subd. (a).)

5) Exempts from the above 30-day prohibition any of the following:

  a) Any law enforcement agency;

  b) Any agency duly authorized to perform law enforcement duties;

  c) Any state or local correctional facility;

  d) Any private security company licensed to do business in California;

 e) Any person who is a peace officer, as specified, and is authorized to carry a firearm in the course and scope of employment;

 f) Any motion picture, television, video production company or entertainment or theatrical company whose production by its nature involves a firearm;

 g) Any authorized representative of a law enforcement agency, or a federally licensed firearms importer or manufacturer;

 h) Any private party transaction conducted through a licensed firearms dealer;

 i) Any person who is a licensed collector and has a current certificate of eligibility issued by the DOJ;

 j) The exchange, replacement, or return of a handgun to a licensed dealer within the 30-day period; and,

 k) A community college that is certified by the Commission on Peace Officer Standards and Training (POST) to present law enforcement academy basic course or other commission-certified training. (Pen. Code, § 27535, subd. (b).)

6) Provides that a person may request a certificate of eligibility form the DOJ, and requires the department to examine its records and records available to the department in the National Instant Criminal Background Check System (NICS) in order to determine if the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. (Pen. Code, § 26710, subds. (a) & (b).)

7) Requires DOJ to issue a certificate of eligibility to an applicant if the if the department's records indicate that the person is not a person who is prohibited by state or federal law from possessing a firearm, and requires the department regulations to administer the certificate of eligibility program and shall recover the full costs of administering the program by imposing fees assessed to applicants who apply for those certificates. (Pen. Code, § 26710, subds. (c) & (d).)

**FISCAL EFFECT**: Unknown

**COMMENTS**:

1) **Author's Statement:** According to the author, "More and more shootings are occurring with long guns so it is important that we treat the laws of both handguns and long guns the same. The law that passed last year requiring no one under the age of 21 to purchase a firearm has exemptions that we are strengthening and tightening when it comes to the purchase of semi-automatic center fire rifle by requiring the person to obtain a CEO with the DOJ as well."

2) **Governor's Vetoes:** AB 1174 (Santiago), of the 2015-2016 Legislative Session, and SB 1177 (Portantino), of the 2017-2018 Legislative Session, each prohibited any person from making more than one application to purchase a long gun within any 30 day period. Both AB 1174 and SB 1177 were vetoed by the Governor.

In regard to AB 1174, the Governor stated in his veto message, "This bill generally prohibits the purchase of more than one firearm within any 30 day period. It should be noted that California already bans the purchase of more than one handgun per month. While well intentioned, I believe this bill would have the effect of burdening lawful citizens who wish to sell certain firearms they no longer need. Given California's restricting gun ownership, I do not believe this additional restriction is needed."

In regard to SB 1177, the Governor stated in his veto message, "This bill prohibits a person from purchasing more than one long-gun per month. I vetoed a substantially similar bill in 2016, and my views have not changed."

3) **Argument in Support:** According to the *Ventura County Board of Supervisors*, "As you know, Ventura County was the site of the November 2018 shooting at the Borderline bar, which tragically resulted in 12 deaths. This mass shooting has left our community shattered and in search of ways to prevent similar tragedies. We appreciate the Legislature's multi--- pronged effort to advance legislation in 2019 that reduces the likelihood that persons who pose a threat to themselves or others are restricted from possessing firearms. As a general policy, the County of Ventura supports legislation that reduces the likelihood of accidental or intentional homicides and, in particular, mass homicides.

"We believe SB 61 would be part of the solution in reducing gun violence. It would make long guns generally subject to the same purchasing restrictions as handguns. Limitations imposed on the purchase of handguns were enacted 20 years ago (AB 202, 1999). That legislation was intended to reduce the illegal flow of handguns by eliminating the opportunity to sell guns from bulk purchases on the black market. SB 61 would apply the law enacted under AB 202 to long guns, as specified. It would, however, include several narrow exceptions."

4) **Argument in Opposition:** According to the California Rifle and Pistol Association "SB 61 would significantly reduce long gun sales in California. This translates into a loss of manufacturing jobs at both the state and national levels, and a significant loss of revenue for California businesses. Additionally, this bill will significantly impact the millions of dollars of Federal Pitman Roberson tax money that would be earmarked to develop and enhance habitat critical for California's wildlife. The Department of Justice (DOJ), has estimated previous versions of this same bill's implementation alone will cost hundreds of thousands of dollars, and result in significant overtime hours for Department personal to perform the necessary analysis, development, testing, and implementation to various Department databases.

"SB 61 will also effectively prohibit the creation of new businesses in California involving hands on instruction in the safe handling of firearms. Should this bill become law, certified firearm instructors would no longer be able acquire the necessary firearms without having to wait months, if not years, to conduct classes for groups such as the Boy Scouts of America, Hunter Education, Youth shooting sports, and other clubs or organizations that wish to participate in firearm safety classes.

"You and your proponents argued in testimony there is no legitimate reason for anyone to need to purchase more than one firearm a month. There are, in fact, numerous legitimate

recreational and Second Amendment protected reasons why an individual might want, and need, to transfer more than one firearm a month. For example, someone new to the sport of recreational competitive shooting, 'Three Gun' competitions, may very well need to purchase a pistol, shotgun, and rifle without having to wait 30 days between each purchase. This bill would require someone wanting to acquire all three types of firearms to undergo a process that would take at least 70 days assuming everything goes smoothly. The procedure for purchasing these firearms is already very time and travel intensive. Each transaction requiring a trip to the licensed dealer.

"Currently individuals in California must go through the following steps to purchase a firearm; Obtain a firearm safety certificate; Go to a California licensed firearms dealer; Complete 4473 and (Dealer Record of Sales) DROS applications; Pass the required background check; Wait the required 10 days; Go back to dealer; Perform a safe handling demonstration; Pick up first firearm. Under SB 61 the individual would have to wait the required 30 days, then go back to dealer again; and repeat the process for each subsequent purchase."

"Both California and Federal law already address your concerns regarding the trafficking of firearms by narrowly limiting the number of firearms an individual can sell. Rather than having the desired effect of targeting criminals, this bill will impact only the law abiding, thereby further limiting available funding to DOJ."

5) **Prior Legislation:**

   a) SB 1100 (Portantino), Chapter 894, Statutes of 2018, increased the age for which a person can purchase a long-gun from a licensed dealer from 18-21 years of age, except as specified.

   b) SB 1177 (Portantino), of the 2017-2018 Legislative Session, prohibited any person from making more than one application to purchase more than one long one within any 30 day period. SB 1177 was vetoed by the Governor.

   c) AB 1674 (Santiago), of the 2015-2016 Legislative Session, prohibited any person from making more than one application to purchase more than one long gun within any 30 day period. SB 1674 was vetoed by the Governor.

**REGISTERED SUPPORT / OPPOSITION**:

**Support**

Bay Area Student Activists
Brady California United Against Gun Violence
California Police Chiefs Association
Coalition Against Gun Violence, A Santa Barbara County Coalition
Laguna Woods Democratic Club
Los Angeles City Attorney
Los Angeles County Board of Supervisors
Physicians for Social Responsibility - San Francisco Bay Area Chapter

**SB 61**
Page 6

Ventura County Board of Supervisors
Women For: Orange County

**Oppose**

California Rifle and Pistol Association, Inc.
California Sportsman's Lobby, Inc.
Gun Owners of California, Inc.
National Rifle Association - Institute for Legislative Action
National Shooting Sports Foundation, Inc.
Outdoor Sportsmen's Coalition of California
Safari Club International - California Chapters

**Analysis Prepared by**: Gregory Pagan / PUB. S. / (916) 319-3744