Raymond M. DiGuiseppe
California State Bar No. 228457
The DiGuiseppe Law Firm, P.C.
116 N. Howe Street, Suite A
Southport, NC 28461
Tel.: 910-713-8804
Email: law.rmd@gmail.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE NGUYEN, et al, Plaintiffs<br><br>vs.<br><br>ROB BONTA, Attorney General of California, et al, Defendants. | Case No. 3:20-cv-02470-WQH-MMP<br><br>PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT<br><br>Date: To be set by the Court<br>Judge: Hon. William Q. Hayes<br>Courtroom: 14B |

Plaintiffs submit the following statement of undisputed material facts in support of their Renewed Motion for Summary Judgment ("R-SOUMF"). The materials referenced herein are either already before the Court as part of its docket or are being lodged as attachments contemporaneously herewith. On information and belief, Defendants are in already possession of or readily has access to all the materials referenced in this document and all other materials that will be lodged herewith. The

"Ex. __" references refer to the exhibits as numbered and presented with this Renewed Motion, unless otherwise specified that they refer to a previously-filed exhibit.[1]

**Plaintiffs' Statement of Undisputed Material Facts**

**in Support of Plaintiffs' Renewed Motion for Summary Judgment**

**1.** Defendants have enforced and are continuing to enforce California's OGM law.

Supporting Citations:

- Stipulation of Facts (Ex. 1), p. 2
- Complaint (Dkt. No. 1) ¶¶ 18, 19, 73, 74, 75, 76, 77, 103
- Answer (Dkt. No. 2) ¶¶ 18, 19, 103, 121, 128

**2.** Individual Plaintiffs (Nguyen, Boguski, Medina, Colletti, Phillips, and Prince) are California residents and members of the Institutional Plaintiffs (Firearms Policy Coalition, Inc., San Diego Gun Owners PAC, and Second Amendment Foundation).

Supporting Citations:

- Stipulation of Facts (Ex. 1), p. 2
- Complaint (Dkt. No. 1) ¶¶ 7, 8, 9, 10, 11, 13, 73, 74, 75, 76, 77

**3.** None of the Individual Plaintiffs is disqualified from owning or possessing firearms under federal or state law.

Supporting Citations:

---

[1] Although some of the exhibits filed contemporaneously herewith are already part of the docket as part of the previously-filed cross-motions for summary judgment, they are being re-filed consistent with the Court's order that the parties file *renewed* motions for summary judgment. Dkt. No. 49 at 11.

- Stipulation of Facts (Ex. 1), p. 2
- Complaint (Dkt. No. 1) ¶¶ 73, 74, 75, 76, 77, 78

**4.** Institutional Plaintiffs bring this action on behalf of their members and supporters similarly situated to Individual Plaintiffs.

Supporting Citations:
- Stipulation of Facts (Ex. 1), p. 2
- Complaint (Dkt. No. 1) ¶¶ 15, 16, 17

**5.** Each Individual Plaintiff actively desires and intends to purchase two or more handguns, two or more semiautomatic centerfire rifles, or a combination of two or more of the same in a single transaction within a 30-day period from a licensed dealer, and each would do so but for California's OGM law.

Supporting Citations:
- Stipulation of Facts (Ex. 1), p. 2
- Complaint (Dkt. No. 1) ¶¶ 73, 74, 75, 76, 77, 100, 121, 128

**6.** Plaintiffs Prince and Phillips are licensed firearms dealers for Retailer Plaintiffs, North County Shooting Center Inc. ("NCSC") and PWGG L.P. ("PWGG"), respectively.

Supporting Citations:
- Stipulation of Facts (Ex. 1), p. 2
- Complaint (Dkt. No. 1) ¶¶ 11, 13, 82, 83
- Answer (Dkt. No. 7) ¶¶ 11, 13, 82, 83

**7.** Plaintiffs NCSC and PWGG are licensed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") as Federal Firearms Licensees ("FFL").

Supporting Citations:

- Stipulation of Facts (Ex. 1), p. 2
- Complaint (Dkt. No. 1) ¶¶ 12, 14, 82, 83
- Answer (Dkt. No. 7) ¶¶ 11, 13, 82, 83

**8.** Because of the OGM law, Retailer Plaintiffs are prevented from selling two or more handguns, two or more semiautomatic centerfire rifles, or a combination of two or more of the same in a single transaction within a 30-day period to individuals not otherwise disqualified by federal or state law from owning or possessing firearms.

Supporting Citations:

- Stipulation of Facts (Ex. 1), p. 3
- Complaint (Dkt. No. 1) ¶¶ 86, 87, 88, 91, 93, 103
- Answer (Dkt. No. 7) ¶¶ 103, 121, 128

**9.** Assembly Bill No. 1621 will extend the same purchase prohibitions to all arms falling within an expanded definition of "firearm," so as to include "completed frames or receivers" and all other "firearm precursor parts," once it becomes effective on January 1, 2024.

Supporting Citations: The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**10.** During the Founding era, "[t]here was not a law on the books in any of the states which interfered with the keeping or bearing of arms by free citizens, and this

right was understood and deemed fundamental despite the lack of a state bill of rights."

Supporting Citations:

- Stephen Halbrook, *The Right to Bear Arms in the First State Bills of Rights: Pennsylvania, North Carolina, Vermont, and Massachusetts*, VERM. L. REV. (1985) at 318; available at https://www.stephenhalbrook.com/law_review_articles/state-bills.pdf ("Right to Bear") (Ex. 5).

- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**11.** "No colony or state restricted arms possession by males who were too young or too old for the militia, nor by females."

Supporting Citations:

- Nicholas J. Johnson, *et al.*, *Firearms Law and the Second Amendment: Regulation, Rights, and Policy* (3d ed. 2021) at 188 (Ex. 6) ("Firearms Law")

- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**12.** People in the colonial states commonly offered for sale and sought for purchase multiple firearms in single transactions.

Supporting Citations:

- "Symbolic of the times, the following newspaper advertisement began to appear regularly: 'WANTED immediately, a quantity of good HORSE PISTOLS AND CARBINES, for which ready money, and a liberal price, will be given . . . Has a quantity of Muskets. . . to sell.'" *Right to Bear* at 266 (quoting Pennsylvania Evening Post (Philadelphia), July 23, 1776, at 366).
- Another example of "the unquestioned freedom to have arms" during the Founding era was a sales advertisement for "100 Pair Horsemens Pistols." *Id.* at 304 (citing the Independent Chronicle, June 29, 1780, at 4, col. 3.).
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**13.** The free citizenry commonly owned, possessed, and carried on their person more than one firearm during the Founding era.

Supporting Citations:

- "Vermont's founding fathers" "carried a gun and a brace [a pair] of pistols on their persons as a common practice." *Right to Bear* at 291-92.[2] "Pistols in the pocket and an arsenal at home were options available to every free citizen." *Id.* at 295. "'Arms and military stores are free merchandise, so that any who have property and choose to sport with it, may turn their gardens into parks of artillery, and their houses into arsenals, without danger to Government.'"
- Joseph G.S. Greenlee, *The Right to Train: A Pillar of the Second Amendment*, William & Mary Bill of Rights Journal (2022-2023) at 132, https://scholarship.law.wm.edu/cgi/viewcontent.cgi?article=2024&context=wmborj (Ex. 7) (quoting Ira Allen, *Particulars of the Capture of the Olive Branch, Laden with a Cargo of Arms* (London 1798), at p. 403)).
- "[I]n the late seventeenth and early eighteenth centuries, guns were next in importance after beds, cooking utensils, and pewter-and ahead of chairs and books." James Lindgren and Justin L. Heather, *Counting Guns in Early America*, 43 WM. & MARY L. REV. 1777 (2002) at 1837, https://scholarship.law.wm.edu/wmlr/vol43/iss5/2 (Ex. 8).
- They were "more common than chairs or hoes in a poor agricultural county" and "as common as plows" with "eighteenth century mid-Atlantic farmers." *Id.* "Thus, everywhere and in every time period from 1637 through 1810," there were "high percentages of gun ownership." *Id.*

---

[2] A "brace of pistols" is a pair. *See* https://www.merriam-webster.com/dictionary/brace ("brace" means "one of two" or a "pair").

Plaintiffs' Statement of Undisputed Material Facts in Support of Renewed Motion for Summary Judgment
7

- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

14. The colonies almost universally *required* firearm ownership.

Supporting Citations:

- "An examination of the Colonial statutes reveals that … almost all colonies required white adult men to possess firearms and ammunition." *Cramer, Clayton E., Colonial Firearms Regulation* (2016) at 1, https://ssrn.com/abstract=2759961 or http://dx.doi.org/10.2139/ssrn.2759961 (Ex. 9) ("Firearms Regulation").
- "None of the Colonial laws in any way limited the possession of firearms by the white non-Catholic population; quite the opposite." *Id.* at 2, 6.
- Thus, "Colonies that did not explicitly require firearms ownership passed laws requiring the carrying of guns under circumstances that implied nearly universal ownership." *Id.* at 1-2.
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

15. The historical practices or patterns referenced in SOUMF Nos. 10, 11, 12, 13, and 14 were the genesis of militia regulations during the Founding era.

Supporting Citations:

- The supporting citations listed in SOUMF Nos. 10, 11, 12, 13, and 14, incorporated herein.
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

**16.** The general aim of militia regulations was to ensure compliance with mandates of firearm ownership, possession, and use by all members of the free citizenry.

Supporting Citations:

- *Firearms Law* (Ex. 6) at 177-188 (cataloguing numerous laws mandating ownership, possession, and use throughout the Colonial and Founding eras, which included the "community service" duties to join the "hue and cry" in pursuing fleeing criminals, "watch and ward" for the general safety of towns and villages, and partake in the *posse comitatus* as called upon to assist with "keeping the peace").
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

9

**17.** Several Colonies required their militiamen to be equipped and to keep with them at all times a "case of good pistols"—i.e., multiple firearms.

Supporting Citations:

- *Military Obligation: The American Tradition*, vol. 2 (Arthur Vollmer ed., 1947) (Ex. 10) (cataloguing laws mandating such requirements in Massachusetts (1693), New Hampshire (1718), Connecticut (1754), Virginia (1755), North Carolina (1756), New Jersey (1777), and New York (1782))

- Duke Center for Firearms Law, Repository of Historical Gun Laws (cataloguing laws enacted between 1631 and 1791 mandating constant readiness with one or more firearms: Virginia (https://firearmslaw.duke.edu/laws/1631-va-acts-173-acts-of-february-24th-1631-acts-xlvii-xlviii-li/), Massachusetts (https://firearmslaw.duke.edu/laws/1693-mass-acts-48-an-act-for-regulating-of-the-militia-ch-3-%c2%a7%c2%a7-1-5/), Georgia (https://firearmslaw.duke.edu/laws/an-act-for-the-better-security-of-the-inhabitants-by-obliging-the-male-white-persons-to-carry-fire-arms-to-places-of-public-worship-1770-reprinted-in-1775-1770-georgia-colonial-laws-471-1932/), New Jersey (https://firearmslaw.duke.edu/laws/1778-n-j-laws-45-2d-general-assembly-an-act-for-the-regulating-training-and-arraying-of-the-militia-ch-21-%c2%a7-11/), Vermont (https://firearmslaw.duke.edu/laws/1779-vt-acts-and-for-encouragement-of-military-skill-for-the-better-defense-of-this-state/), and Ohio (https://firearmslaw.duke.edu/laws/a-law-for-regulating-and-establishing-the-militia-in-the-territory-of-the-united-states-north-west-of-the-river-ohio-chapter-ib4-in-laws-passed-in-the-territory-of-the-united-states-north-west-o/)).

- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

18.  Only four states (South Carolina, Virginia, Maryland, New Jersey) and the District of Columbia, have ever enacted such laws, and only those in Virginia, Maryland, and New Jersey are still in force.

Supporting Citations:

- South Carolina enacted an OGM law in 1975, but repealed it in 2004.
- Virginia enacted one in 1993, repealed it in 2020, and reenacted another one in 2020.
- Maryland enacted an OGM law no earlier than 1996.
- New Jersey enacted an OGM law no earlier than 2009.
- The District of Columbia enacted a pistol registration requirement in 2008 (after *Heller*) that effectively limited residents to one pistol per month, although that was struck down as unconstitutional in 2015.
- California's OGM law was enacted as to handguns in 2000 and extended to semiautomatic centerfire rifles effective July 1, 2021.
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

**19.** California's OGM law is the most restrictive of the jurisdictions with OGM laws as it targets both handguns and long guns.

Supporting Citations: The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**20.** The stated purpose of the original OGM law as enacted under Assembly Bill No. 202 in 2000 was to "curtail the illegal gun market, disarm criminals, and save lives by preventing multiple purchases of handguns through legitimate channels," on the rationale that "[p]reventing multiple purchases takes the profit out of black market sales and puts gun traffickers and straw purchasers out of business."

Supporting Citations:
- Exhibit 11 (Legislative History), p. 2
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**21.** More specifically, the stated goal of the law was "to stop one gun purchaser from buying several firearms and transferring a firearm to another person who does not have the legal ability to buy a gun him/herself," in particular those who are underage, have a disqualifying prior conviction, a mental disorder, or are not residents.

Supporting Citations:

- Exhibit 11 (Legislative History), p. 2
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

22. When the law was expanded to semiautomatic centerfire rifles effective July of 2021 under Senate Bill No. 61, the Legislature stated that AB 202 had been "intended to reduce the illegal flow of handguns by eliminating the opportunity to sell guns from bulk purchases on the black market" and that applying this same law to long guns "would be part of the solution in reducing gun violence."

Supporting Citations:

- Exhibit 11 (Legislative History), p. 34
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

23. Throughout all relevant times, Defendants have implemented and enforced a multitude of statutes, regulations, and policies that strictly regulate and criminalize the acquisition, possession, and use of firearms by all prohibited persons, including those who become prohibited after a lawful acquisition. *See e.g.*, Cal. Penal Code §§ 29800, 29805, 29815, 29825; 18 U.S.C §§ 922(b)(2), 922(d), 922(g).

Supporting Citations:

- Complaint (Dkt. No. 1) ¶¶ 64, 65

- Answer (Dkt. No. 7) ¶¶ 65
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**24.** Throughout all relevant times, Defendants have also implemented and enforced a multitude of statutes, regulations, policies, and systems that collect, maintain, and monitor identifying information of those who are currently prohibited persons, who lawfully acquire, sale, and transfer firearms, and who later become prohibited persons, including, for example: Cal. Penal Code §§ 11101, 11105, 11106, 26150, 26185, 26195, 26225, 28220; the Dealer's Record of Sale (DROS) DROS Entry System (DES); the Armed Prohibited Persons System (APPS); Mental Health Reporting System (MHRS); Mental Health Firearms Prohibition System (MHFPS); Prohibited Applicant (PA); and many other such regulatory programs.

Supporting Citations:

- https://des.doj.ca.gov/ (DROS DES)
- Complaint (Dkt No. 1) ¶¶ 46, 47, 49, 50, 51, 52, 53, 54, 55, 67, 68, 69
- Answer (Dkt. No. 7) ¶¶ 46, 47, 49, 50, 51, 52, 53, 54, 55, 67, 68, 69
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**25.** The legislative history of AB 202 and SB 61 recognized the existence of these various schemes and how they already compel ordinary law-abiding citizens to obtain special certification, pass a background check, wait ten days, and complete a safe handling demonstration as preconditions to any lawful purchase.

Supporting Citations:
- Exhibit 11 (Legislative History), pp. 34-35, 109-110
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**26.** It also recognized the myriad state and federal laws that specifically criminalize straw purchasing and illegal firearms trafficking.

Record Citations:
- Exhibit 11 (Legislative History), pp. 1-2, 12
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**27.** State law separately "[p]rohibits the sale, loan, or transfer of a firearm to any person who is not the actual purchaser or transferee if the intent is to avoid the statutory requirements for lawful transfer," and "[t]he Federal Gun Control Act forbids straw transactions" because it "prevents a person from purchasing guns in a state with lax laws and then returning to his or her state of residency."

Supporting Citations:

- Exhibit 11 (Legislative History), p. 2
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**28.** Further, all federal licensees must report to ATF and all related state law enforcement agencies all sales, transfers, or disposals of two or more handguns "at one time or during any five consecutive business days," and they must make this report "not later than the close of business on the day that the multiple sale or other disposition occurs."

Supporting Citations:

- 18 USC 923(g)(3)(A)
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party").

**29.** The legislative history acknowledged that only the District of Columbia and three other states—Virginia, Maryland, and New Jersey—have OGM laws, and they target only handguns, not handguns *and* long guns like California does.

Record Citations:

- Exhibit 11 (Legislative History), pp. 53-54

- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

30. The sole reference to a mass shooting in the legislative record is an argument in support of SB 61 from the Ventura County Board of Supervisors, which referenced one local mass shooting in 2018.

Supporting Citations:

- Exhibit 11 (Legislative History), pp. 37, 42
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

31. And there is no indication that the shooter used multiple firearms—much less multiple firearms acquired within a 30-day period.

Supporting Citations:

- Exhibit 11 (Legislative History), pp. 37, 42
- The above factual assertions are otherwise not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party")).

Respectfully submitted September 15, 2023,

/s/ *Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.
116 N. Howe Street, Suite A
Southport, NC 28461
Tel.: 910-713-8804
Email: law.rmd@gmail.com
*Attorney for Plaintiffs*