Raymond M. DiGuiseppe
California State Bar No. 228457
The DiGuiseppe Law Firm, P.C.
116 N. Howe Street, Suite A
Southport, NC 28461
Tel.: 910-713-8804
Email: law.rmd@gmail.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE NGUYEN, et al, Plaintiffs<br><br>vs.<br><br>ROB BONTA, Attorney General of California, et al, Defendants. | Case No. 3:20-cv-02470-WQH-MMP<br><br>DECLARATION OF RAYMOND M. DiGUISEPPE IN SUPPORT OF EXHIBITS TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT<br><br>Date: To be set by the Court<br>Judge: Hon. William Q. Hayes<br>Courtroom: 14B |

**Declaration of Raymond M. DiGuiseppe in Support of
Exhibits to Plaintiffs' Memorandum of Points and Authorities
in Support of Plaintiffs' Renewed Motion for Summary Judgment**

1. I am lead counsel for Plaintiffs in the above-referenced matter.

2. I am competent to testify to the matters set forth in this declaration, and if called to do so, I would and could so testify. I make this declaration in support of Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Renewed Motion for Summary Judgment and the related Exhibits 1 through 11.

3. **Exhibit 1** represents a true and correct copy of the Stipulation of Facts to which the Plaintiffs and Defendants have agreed in this case.

4. **Exhibit 2** represents a true and correct copy of David B. Kopel, *The History of Firearm Magazines and Magazine Prohibitions*, 78 ALB. L. REV. 849 (2015), which is readily available in the public domain at https://davekopel.org/2A/LawRev/2015/History-of-firearms-magazines-and-magazine-prohibition.pdf, and the facts contained therein detailing the historical laws, regulations, legislative acts, or official records of governmental agencies memorialized in the public record—in particular the statutes, ordinances, legislative records, official government publications or proclamations, reported judicial opinions, or other official records or documents of governmental agencies which are identified and described as part of the official historical records—are properly subject to judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (Fed.R.Evid. 201 "allow[s] a court to take judicial notice of a fact 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"); *Louis v. McCormick & Schmick*, 460 F.Supp.2d 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies.").

5. **Exhibit 3** represents a true and correct copy of *NSSF Announces Over 24 Million MSRs in Circulation*, The Firearm Indus. Trade Ass'n (July 20, 2022), which is readily available in the public domain at https://bit.ly/3QBXiyv, and the "legislative facts" of which "have relevance to the legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court in the enactment of a legislative body." Fed. R. Evid. 201, 1972 Advisory Committee Note. Unlike "adjudicative facts," or "the facts of the particular case," the rules of evidence do not apply to legislative facts, *see, e.g.*, *Wiesmueller v. Kosobucki*, 547 F.3d 740, 742 (7th Cir. 2008) (Posner, J., in chambers); *see also* 1

Mueller & Kirkpatrick, Fed. Evid. 2:12 (4th ed. Thomson Reuters/Westlaw 2013) ("[T]he Rules do not regulate . . . any aspect of noticing legislative facts.").

6. **Exhibit 4** represents a true and correct copy of Mark W. Smith, *"Not All History Is Created Equal": In the Post-Bruen World, the Critical Period for Historical Analogues Is When the Second Amendment Was Ratified in 1791, and Not 1868* (Oct. 1, 2022), which is readily available in the public domain at https://bit.ly/3CMSKjw, and the facts contained therein detailing the historical laws, regulations, legislative acts, or official records of governmental agencies memorialized in the public record—in particular the statutes, ordinances, legislative records, official government publications or proclamations, reported judicial opinions, or other official records or documents of governmental agencies which are identified and described as part of the official historical records—are properly subject to judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (Fed.R.Evid. 201 "allow[s] a court to take judicial notice of a fact 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"); *Louis v. McCormick & Schmick*, 460 F.Supp.2d 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies.").

7. **Exhibit 5** represents a true and correct copy of Stephen Halbrook, *The Right to Bear Arms in the First State Bills of Rights: Pennsylvania, North Carolina, Vermont, and Massachusetts*, VERM. L. REV. (1985), which is readily available in the public domain at https://www.stephenhalbrook.com/law_review_articles/state-bills.pdf, and the facts contained therein detailing the historical laws, regulations, legislative acts, or official records of governmental agencies memorialized in the public record—in particular the statutes, ordinances, legislative records, official government publications or proclamations, reported judicial opinions, or other

3

|   |   |
|---|---|
| 1 | official records or documents of governmental agencies which are identified and |
| 2 | described as part of the official historical records—are properly subject to judicial |
| 3 | notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) |
| 4 | (Fed.R.Evid. 201 "allow[s] a court to take judicial notice of a fact 'not subject to |
| 5 | reasonable dispute in that it is ... capable of accurate and ready determination by |
| 6 | resort to sources whose accuracy cannot reasonably be questioned'"); *Louis v.* |
| 7 | *McCormick & Schmick*, 460 F.Supp.2d 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under |
| 8 | Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the |
| 9 | records of state courts, the legislative history of state statutes, and the records of state |
| 10 | administrative agencies."). |
| 11 | 8. **Exhibit 6** represents a true and correct copy of Nicholas J. Johnson, *et al.*, |
| 12 | *Firearms Law and the Second Amendment: Regulation, Rights, and Policy* (3d ed. |
| 13 | 2021), which is readily available in the public domain at |
| 14 | https://www.aspenpublishing.com/Johnson-SecondAmendment3, and the facts |
| 15 | contained therein detailing the historical laws, regulations, legislative acts, or official |
| 16 | records of governmental agencies memorialized in the public record—in particular |
| 17 | the statutes, ordinances, legislative records, official government publications or |
| 18 | proclamations, reported judicial opinions, or other official records or documents of |
| 19 | governmental agencies which are identified and described as part of the official |
| 20 | historical records—are properly subject to judicial notice. *Daniels-Hall v. National* |
| 21 | *Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (Fed.R.Evid. 201 "allow[s] a court |
| 22 | to take judicial notice of a fact 'not subject to reasonable dispute in that it is ... |
| 23 | capable of accurate and ready determination by resort to sources whose accuracy |
| 24 | cannot reasonably be questioned'"); *Louis v. McCormick & Schmick*, 460 F.Supp.2d |
| 25 | 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of |
| 26 | Evidence, the court may take judicial notice of the records of state courts, the |
| 27 | legislative history of state statutes, and the records of state administrative |
| 28 | agencies."). |

9. **Exhibit 7** represents a true and correct copy of Joseph G.S. Greenlee, *The Right to Train: A Pillar of the Second Amendment*, William & Mary Bill of Rights Journal at (2022-2023), which is readily available in the public domain at https://scholarship.law.wm.edu/cgi/viewcontent.cgi?article=2024&context=wmborj, and the facts contained therein detailing the historical laws, regulations, legislative acts, or official records of governmental agencies memorialized in the public record—in particular the statutes, ordinances, legislative records, official government publications or proclamations, reported judicial opinions, or other official records or documents of governmental agencies which are identified and described as part of the official historical records—are properly subject to judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (Fed.R.Evid. 201 "allow[s] a court to take judicial notice of a fact 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"); *Louis v. McCormick & Schmick*, 460 F.Supp.2d 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies.").

10. **Exhibit 8** represents a true and correct copy of James Lindgren and Justin L. Heather, *Counting Guns in Early America*, 43 Wm. & Mary L. Rev. 1777 (2002), and the facts contained therein detailing the historical laws, regulations, legislative acts, or official records of governmental agencies memorialized in the public record—in particular the statutes, ordinances, legislative records, official government publications or proclamations, reported judicial opinions, or other official records or documents of governmental agencies which are identified and described as part of the official historical records—are properly subject to judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (Fed.R.Evid. 201 "allow[s] a court to take judicial notice of a fact 'not subject to

reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"'); *Louis v. McCormick & Schmick*, 460 F.Supp.2d 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies.").

  11. **Exhibit 9** represents a true and correct copy of *Cramer, Clayton E., Colonial Firearms Regulation* (2016), which is readily available in the public domain at https://ssrn.com/abstract=2759961 or http://dx.doi.org/10.2139/ssrn.2759961, and the facts contained therein detailing the historical laws, regulations, legislative acts, or official records of governmental agencies memorialized in the public record—in particular the statutes, ordinances, legislative records, official government publications or proclamations, reported judicial opinions, or other official records or documents of governmental agencies which are identified and described as part of the official historical records—are properly subject to judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (Fed.R.Evid. 201 "allow[s] a court to take judicial notice of a fact 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"'); *Louis v. McCormick & Schmick*, 460 F.Supp.2d 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies.").

  12. **Exhibit 10** represents a true and correct copy of *Military Obligation: The American Tradition*, vol. 2 (Arthur Vollmer ed., 1947), and the facts contained therein detailing the historical laws, regulations, legislative acts, or official records of governmental agencies memorialized in the public record—in particular the statutes, ordinances, legislative records, official government publications or

proclamations, reported judicial opinions, or other official records or documents of governmental agencies which are identified and described as part of the official historical records—are properly subject to judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (Fed.R.Evid. 201 "allow[s] a court to take judicial notice of a fact 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"); *Louis v. McCormick & Schmick*, 460 F.Supp.2d 1153, 1156 n. 4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies.").

13. **Exhibit 11** represents a true and correct copy of represents a true and correct copy of the Legislative History exhibit (concerning AB 202 and SB 61), readily available online at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml, and also consisting of readily subject to proper judicial notice.

Respectfully submitted September 15, 2023,

          /s/ *Raymond M. DiGuiseppe*
          Raymond M. DiGuiseppe
          The DiGuiseppe Law Firm, P.C.
          116 N. Howe Street, Suite A
          Southport, NC 28461
          Tel.: 910-713-8804
          Email: law.rmd@gmail.com
          *Attorney for Plaintiffs*