FILED

APR 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE NGUYEN, et al.;<br><br>    Plaintiffs - Appellees,<br><br> v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California and ALLISON MENDOZA, in her capacity as the Director of the Department of Justice Bureau of Firearms,<br><br>    Defendants - Appellants. | No. 24-2036<br><br>D.C. No.<br>3:20-cv-02470-WQH-MMP<br>Southern District of California,<br>San Diego<br><br>ORDER |

Before: BENNETT, R. NELSON, and MILLER, Circuit Judges.
Order by Judges BENNETT and MILLER; Dissent by Judge R. NELSON.

    Appellants have established a sufficient likelihood of success on the merits of this appeal and made a sufficient showing on the relative equities to justify a stay pending appeal. The motion to stay the district court's March 28, 2024 permanent injunction and judgment (Docket Entry No. 3) is granted. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (defining standard for stay pending appeal).

    In granting a stay, we do not intend to constrain the merits panel's consideration of this appeal, including whether to leave the stay in place.

    We sua sponte expedite this appeal. The opening brief is due May 13, 2024. The answering brief is due May 28, 2024. The optional reply brief is due June 10,

2024.  No streamlined extensions of time will be approved.  *See* 9th Cir. R. 31-2.2(a)(1).

The Clerk will place this appeal on the calendar for August 2024.  *See* 9th Cir. Gen. Ord. 3.3(f).

R. NELSON, Circuit Judge, dissenting:

I agree to expedite this appeal.  I would deny the stay pending appeal because Defendants are not likely to prevail on the merits.  "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 579 U.S. 1, 17 (2022).  As the district court properly concluded, the right to buy a firearm is covered by the plain text of the Second Amendment.  Moreover, under *Bruen*, no historical analogue permits California's regulation.  California points mainly to historical regulations of the sale, storage and transport of gun powder—the same analogues California cites to support almost all of its onerous gun restrictions.  As the district court properly found, these are not sufficiently close analogues under *Bruen*.  And the district court did not abuse its discretion in finding that the equitable factors do not warrant an injunction where Plaintiffs' Second Amendment rights are violated.  I respectfully dissent.